# Louisville & Nashville Railroad Co. v. Murphree.

*Action against Railroad Company for Failure to keep in Repair Cattle Guards.*

1. *Action against railroad company for failure to keep in repair cattle guards; demand for repairs to be made by owner.* One who is a tenant and in possession of land through which a railroad runs, but who is not the owner of such land, can not maintain an action against a railroad company under the statute, for failure to keep in repair cattle guards, after he has made a demand upon the company therefor, (Code, § 3480); said statute extending its provisions only to the owner of the land and not to one in possession as tenant.

2. *Bill of exceptions; appeal.*—It is no objection to a bill of exceptions that it was signed after the appeal bond was filed and approved, and after the appeal was perfected.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

This action was brought by the appellee, J. C. Murphree, against the Louisville & Nashville Railroad Company, seeking to recover damages for the defendant's failure to keep in repair a cattle guard on its road, after demand of the plaintiff; it being averred in the complaint that by reason of such failure, a crop cultivated by the defendant was destroyed by hogs getting into the plaintiff's field.

On the trial of the cause, it was shown that the plaintiff cultivated a field through which the railroad track of the defendant ran, but that he did not own said land, but rented it, agreeing to pay the owner so much money for it.

There was evidence introduced on the part of the plaintiff tending to show that the cattle guard on the defendant's track, at the point in the field which the plaintiff was cultivating, was out of repair and defect-

ive; that plaintiff notified the division superintendent and the section foreman of the defendant that the cattle guard was in a defective condition, and asked them to repair it, that they failed or refused to do so, and that by reason of such failure he sustained the injuries complained of.

Upon the hearing of all the evidence the court gave the general affirmative charge at the request of the plaintiff. The defendant duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give the general affirmative charge requested by it.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the giving of the general affirmative charge requested by the plaintiff, and the refusal to give a like charge requested by the defendant. In this court the appellee moved to strike the bill of exceptions from the record, upon the ground that said bill of exceptions was signed after the appeal bond was filed in the office of the clerk of the said court and approved by said clerk, and after notice of the bill being served on the defendant, and that said bill was signed after the appeal taken to the Supreme Court was perfected.

THOMAS G. and CHARLES P. JONES, for appellant, cited *Bir. Min. R. R. Co. v. Parson*, 100 Ala. 622; *Railroad Co. v. Lyon*, 62 Ala. 77; 1 Rorer on Railroads, 614; 7 Amer. & Eng. Encyc. of Law, 906-12.

E. H. HANNA, *contra*.

DOWDELL, J.—The plaintiff bases his right of action in this case on section 3480 of the Code. This section reads as follows: "Every person or corporation operating a railroad must put cattle guards upon such railroad and keep the same in good repair, whenever the owner of the land through which the road passes shall make demand upon them or their agents, and show that such guards are necessary to prevent the depredation of stock upon his land." As was said by this court in the

case of *Birmingham Min. R. R. Co. v. Persons*, 100 Ala. 665 : "It is well understood that railroad companies are not bound by any principle of the common law to fence their roads, make cattle guards, or erect any other barrier or stay against the intrusion of stock upon their roads or right of way, and are not liable for injuries happening merely for want of such erections;" citing 7 Am. & Eng. Ency. Law, pp. 906, 912; 1 Rorer on Railroads, 614; *M. & C. R. R. Co. v. Lyon*, 62 Ala. 71. The statute in question, being in derogation of the common law, requires a strict construction. The provision of the statute is, that, "whenever the *owner* of the land through which the road passes shall make demand upon them or their agents, and show that such guards are necessary to prevent the depredation of stock upon his land." It will be seen that the demand, by the terms of the statute, is limited to the *owner* of the land. Owner is defined to be, "one who owns; a rightful proprietor; one who has the legal or rightful title, whether he is the possessor or not." See Webster's Inter. Dict. The same authority defines *proprietor* to be, " one who has the legal right or exclusive title to anything, whether in possession or not; an owner; as the proprietor of a farm, or of a mill." As defined by Bouvier, Vol. 2, "the owner is he who has dominion of a thing real or personal, corporeal or incorporeal, which he has the right to enjoy and do with it what he pleases, even to spoil or destroy it, as far as the law permits, unless he is prevented by some agreement or covenant which restrains his right." The common, or general, acceptation of the term, owner, is understood to be, one who has the legal title to the thing claimed. The undisputed proof in the case shows that the plaintiff was not the owner of the land in question, but was only a renter for the term of one year, paying money rent therefor; the ownership of the land being in another party. The language of the statute forbids a construction extending its provisions to any other person than the owner of the land. The general charge requested by the defendant should have been given.

Whenever a bill of exceptions is signed by the presid-

[Fearn *et al.* v. Beirne.]

ing judge in accordance with the provisions of the statute, it becomes a part of the record on appeal, notwithstanding the appeal may have been sued out and a *supersedeas* bond executed before such signing was had. If the bill of exceptions had been omitted by the clerk in making out the transcript, no one can doubt but that upon an application or motion a *certiorari* in such case would have been awarded by this court for the purpose of completing the record by sending up the bill of exceptions. We do not think there is any merit in appellee's motion to strike the bill of exceptions in this case.

The judgment of the circuit court must be reversed and the cause remanded.