# Central of Ga., Ry., Co., v Sturgis.

*Damages for Trespass by Animals on Account of Defective Cattle Guards.*

(Decided Feb. 14th, 1907.   43 So. Reporter, 96.)

1. *Railroads; Construction; Cattle Guards.*—Under Section 3480, Code 1896, one not the owner of land cannot sue for damages for failure to place and maintain cattle guards on such land, nor is he entitled to recover damages caused by hogs trespassing thereon that enter his land through a cattle guard not on his land.                                                             --

2. *Action; Complaint; Demurrers.*—A complaint for damages under Section 3480, Code 1896, which alleged damages by reason of defendants failure to repair the cattle guards on plaintiff's farm, but which fails to allege that plaintiff is the owner of the land, or that defendant ever erected cattle guards thereon, is subject to demurrer.

3. *Same.*—A complaint which averred the construction of cattle guards by defendant, the ownership in the plaintiff of the lands during a given time, when defendant was operating a railroad through such land, failure to keep the gap in repair after demand by plaintiff on defendant's agent and damages resulting therefrom, is not subject to demurrer for failing to allege ownership in the land when the injuries occurred, as a departure from the original cause, or as failure to aver notice to defendant's agent, or as failing to sufficiently describe the land.

[Central of Ga. Ry. Co. v. Sturgis,]

APPEAL from Covington Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by R. M. Sturgis against the Central of Georgia Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The original complaint is in the following language: "Plaintiff claims of the defendant the sum of $100 damages, as follows: Plaintiff avers that he operates a farm in Covington county, Alabama; that said farm is inclosed by a fence; that he cultivated during the year 1903 on said farm cotton, corn, potatoes, and ground peas. Plaintiff further avers that defendant is engaged in operating a railroad in Covington county, Alabama, and that the track of defendant's said railroad runs through plaintiff's farm; and plaintiff says that it is defendant's duty to erect suitable stock gaps where defendant's track enters into and passes out of plaintiff's farm, and to keep the same in such repair and condition at all times as will prevent stock from going over defendant's track and into plaintiff's farm. Plaintiff avers that defendant negligently allowed the stock gaps where defendant's railroad track enters plaintiff's farm to remain out of repair, or in such condition that hogs could pass over the said stock gaps and into plaintiff's farm. Plaintiff avers that, in consequence of said stock gaps being allowed to remain in such condition, a great number of hogs went over the same and into plaintiff's farm; and said hogs broke down and destroyed a great deal of plaintiff's corn, and rooted up and destroyed a great many of his potatoes and ground peas then growing thereon, namely, from the 12th day of September, 1903, all of which was caused by the negligence of the defendant in allowing said stock gaps to remain out of repair or in such condition as stock could pass over it to the great damage of the plaintiff," etc.

The following, among other, grounds of demurrer were interposed: "(2) Because the complaint fails to show that the plaintiff was the owner of the land on which the injury complained of is alleged to have been committed or done at the time of the injury. * * * (5) Because the complaint fails to aver that the defendant ever erected any stock gaps or cattle guards upon their

railroad on any land owned by the plaintiff." The trial court overruled these demurrers.

Afterwards the complaint was amended by adding the following count: "The plaintiff, Sturgis, claims of the defendant the further sum as damages, for that he is the owner of a farm in Covington county, Alabama, and was the owner of the same during the months of September, October, and November, 1903. Defendants were during such time engaged in operating a railroad in and through said county, which railroad passed through the said lands of plaintiff. Where said railroad entered upon or into the cultivated land of plaintiff, the defendant had constructed a cattle guard; but, after demand made by plaintiff upon the defendant's agent, L. B. Vardeman, the defendant negligently failed to keep the said cattle guards in good repair, whereby a great number of hogs were allowed to pass over, around, or through said stock gaps, and into the said cultivated land of plaintiff, during the said time, to-wit ,September, October, and November, 1903, and broke down and destroyed a great deal of plaintiff's corn, and rooted up and destroyed a great many of his ground peas and potatoes planted and then growing on said cultivated land, which were of value to plaintiff, to his damage aforesaid."

Demurrers were filed to this complaint: "(a) Said count fails to aver that plaintiff was the owner of the land upon which the injuries complained of were sustained at the time the said injuries were sustained. (b) Said count is a departure from the original complaint, in that the negligence complained of in the original complaint was a failure to keep the stock gap in repair, and the negligence complained of in the amended count is a failure to keep the cattle guards in repair. (c) Said count does not specially aver when demand was made on defendant's agent to repair the cattle guard. (d) It fails to aver that plaintiff ever made known to defendant's agent that it was necessary to repair the cattle guards. (e) It fails to describe the land owned by plaintiff and upon which the cattle guard was erected." These demurrers being overruled, defendant

filed plea of the general issue and the statute of limitations of one year.

The plaintiff, testifying in his own behalf that the railroad ran through lands owned by him on which he had planted 25 acres of corn and several acres of potatoes and ground peas, that the stock gap had been erected by the railroad, that stock had began to get into his field about the 1st of July, when he asked defendant's agent to have the same repaired, and it was repaired, but the stock continued to cross the gap into the field, and after testifying to the value of the property destroyed, further testified that one of the stock gaps through which the hogs had gone was on the land owned by his mother-in-law, but of which witness was in possession, and had been for more than 20 years, and that all the crops growing on the lands belonged to plaintiff. Motion was made to exclude all the testimony as to damages done by hogs which passed through the gap on the lands belonging to plaintiff's mother-in-law. The defendant then asked the witness if he owned all the land upon which the 27 acres of corn were grown, and the question, "Did your mother own any of the land on which the 27 acres of corn were planted?" Objection was sustained to both of these questions. The witness Bozeman testified that he saw hogs go over the west stock gap, and that that gap was on the lands of plaintiff's mother-in-law. Defendant interposed objection to this evidence, and moved to exclude it. This motion was overruled. There was also evidence tending to show that some of the land on which crops were grown belonged to plaintiff's mother. This evidence was excluded on motion of plaintiff.

There was verdict and judgment for plaintiff in the sum of $114.

CHARLES P. JONES, and W. F. THETFORD, JR., for appellant.—Under the statute a railroad is not required, before demand made by the owner of the land, to put in cattle guards.—L. & N. R. R. Co. v. Murphree, 129 Ala. 433. From the above authority the demurrers should have been sustained and the testimony as to the damage done by hogs on land other than that of the plain-

tiff should have been excluded. There was a fatal variance between the allegations of the complaint and the proof as to the cattle guards and damage done by reason of the absence of proper cattle guards.—*Webb v. Crawford,* 77 Ala. 440; *Lewis v. Harris,* 31 Ala. 689; *Prestwood v. Eldridge,* 119 Ala. 72; *Gilmer v. Wallace,* 75 Ala. 220; *Gamble v. Kellum,* 97 Ala. 677; *Pryor v. L. & N. R. R. Co.,* 90 Ala. 32; *Jackson v. Bush,* 82 Ala. 396; *Freeman v. McCann,* 37 Ala. 714; *Ikelheimer v. Chapman,* 32 Ala. 676.

STALLINGS & REID, for appellee.—The counts were properly drawn and the court committed no error in overruling the demurrers.—Sec. 3480, Code 1896.

DENSON, J.—Section 3480 of the Code of 1896 is in this language: "Every person or corporation operating a railroad must put cattle guards upon such railroad and keep the same in good repair, whenever the owner of the land through which the road passes shall make demand upon them or their agents, and show that such guards are necessary to prevent the depredation of stock upon his land." This section of the Code was construed in the case of *L. & N. R. R. Co. v. Murphree,* 129 Ala. 432, 29 South. 592. That was a suit prosecuted by a tenant of the landowner against the railroad company to recover damages caused by hogs getting into the plaintiff's (tenant's) field and destroying his crop. The cause of action was rested upon the railroad's failure to keep in repair a cattle guard on its road after demand made by the plaintiff. It was held in the case cited that the statute, being in derogation of the common law, should be strictly construed, and, following this rule of construction, it was held that the language of the statute forbids a construction extending its provisions to any other person than the owner of the land. The appellee assails the soundness of that decision, and asks that the court depart from it.

We are satisfied with the interpretation there placed on the statute, and must adhere to it. It follows that the second and fifth grounds of the demurrer to the or-

[Geter v. Central Coal Company.]

iginal complaint should have been sustained. The averments of the original complaint are barely sufficient to show that the railroad had erected any stock gap. Certainly they are insufficient to show the erection of a stock gap on the land owned by the plaintiff. The count added by amendment is not subject to the demurrer made to it.

It is not necessary to pass in detail on exceptions reserved to the rulings of the court on the admissibility of evidence. Suffice it to say the plaintiff could not recover for damages done crops growing on his mother-in-law's land, or lands which he did not own, notwithstanding he may have been cultivating them. Nor could he recover for damages caused by hogs that did not enter his land through the stock gap that was located on his land. Some of the court's rulings on the evidence are out of harmony with what we have here said. For the errors pointed out, the judgment of the circuit court is reversed, and the cause will be remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON, DOWDELL, SIMPSON, ANDERSON, and McCLELLAN, JJ., concur.