# Birmingham Ry. L. & P. Co. v. Turner.

## Damages for Ejection of Passenger.

(Decided Feb. 6, 1908. 45 South. 671.)

1. *Carriers; Ejection of Passenger; Complaint; Sufficiency.*—A complaint which avers that plaintiff was ejected from a street car on account of the negligence of a conductor in incorrectly punching a transfer entitling plaintiff to ride on the car from which he was ejected sufficiently avers the negligence charged.

2. *Same.; Burden of Proof.*—The burden was on the passenger offering the transfer to show that the conductor who issued the transfer was bound to issue a transfer to him to ride upon the car from which he was ejected, where the issue is the ejection of a passenger from a car on account of an improperly punched transfer.

3. *Same; Tansfer; Failure to Issue; Effect.*—A street railway company is liable for injuries suffered by a passenger in consequence of the failure of another of its conductors to issue a proper transfer, when bound to do so.

4. *Trial; Objection to Testimony; Time for Making.*—Where the answer is not made so quickly as to preclude an objection, an objection made afterwards, to a question asked a witness, comes too late.

5. *Carriers; Ejection of Passenger; Damages.*—One wrongfully ejected from a street car may recover damages arising from his weak physical condition, if called to the conductor's attention, and other damages proximately resulting from a wrong, including expenses and inconvenience to which he is put and humiliation and indignity suffered.

6. *Same; Recovery not Excessive.*—For the wrongful ejection of a passenger weakened by typhoid fever and compelled to walk home a recovery of $287.00 damages is not excessive.

7. *New Trial; Misconduct of Jury; Quotient Verdict.*—Where the papers produced are not shown to have been written upon by the jurors and a juror swears that the verdict was not fixed by a quotient method it cannot be said that the verdict was improperly reached, although a paper was found in the jury room tending to show that the verdict.was reached by a quotient method.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Harry Turner against the Birmingham Railway, Light & Power Company for wrongfully eject-

iug a passenger. From a judgment for plaintiff, defendant appeals. Affirmed.

The nature and character of the action is sufficiently stated in the opinion. The complaint, to which demurrers were filed, is in the following language, after stating the plaintiff and defendant, and amount of damages claimed, and that the defendant was a common carrier of passengers: "That defendant carried passengers by means, among others, of two lines of street cars in Birmingham, a line known as the 'Highland Avenue Line' and the line known as the 'North and South Highlands Line,' and that defendant undertook to carry passengers on both of said lines for one cash fare, paid to the conductor of the car on the first line taken by the passenger. That on that day plaintiff became a passenger on one of the cars operated by the plaintiff on the North and South Highlands line, and paid to the conductor of said car in cash the fare charged by defendant for being carried on said car, and also on a car on said Highland Avenue line. That plaintiff received from the conductor a transfer slip or ticket, which said conductor furnished plaintiff as evidence of the right to ride on said Highland Avenue line; and, in pursuance of the contract with defendant to be carried as its passenger as aforesaid, plaintiff boarded one of the cars operated by defendant on said Highland Avenue line, to be carried as defendant's passenger thereon, and tendered defendant's conductor on the car on said Highland Avenue line said transfer slip or ticket furnished by defendant's other conductor of said car as aforesaid. Whereupon the conductor on the Highland Avenue line ejected plaintiff from said car in the presence of divers persons, etc. [Here follows a statement of his injuries and damages.] And plaintiff alleges that he was ejected as aforesaid and suffered said injuries and damages by reason and as a proximate

[Birmingham Ry., L. & P. Co. v. Turner.]

consequence of the negligence of defendant by and through the said conductor of said car on the North and South Highlands line in and about furnishing plaintiff with said transfer slip or ticket, which was improperly marked or punched." The second count is a repetition of the first count down to and including the damages alleged therein, with the averment that the conductor on said Highland Avenue line wrongfully ejected plaintiff from the car, and as a proximate consequence thereof he suffered the injuries and damages complained of.

Demurrers were assigned jointly and separately to the counts above set out, raising the question of the uncertainty and indefiniteness of the allegations of negligence; that it did not appear that plaintiff was wrongfully ejected; that it appeared that plaintiff was rightfully ejected therefrom; it is not averred that it was defendant's duty to allow or permit plaintiff to ride on the Highland Avenue line by virtue of the transfer slip furnished him as aforesaid; it does not appear wherein said transfer ticket was improperly marked or punched; it does not appear the plaintiff was not aware that the transfer ticket or slip was improperly marked or punched when he boarded said car. These demurrers were overruled. There was judgment for plaintiff in the sum of $287, and defendant appeals.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The corporation was not bound by its franchise or in any other legal way to issue transfers at all, and it had the right under such circumstances to regulate the condition under which it would issue transfers, and to determine between what lines it would issue them. The conductor is an agent of limited authority, and one dealing with such an agent must take notice or inform himself of the extent of his powers.—*A. G. S. v. Carmichael,*

90 Ala. 19. The obligation of the company was performed when it carried the passenger to 2nd Avenue and 20th Street, and the giving of the transfer was a mere gratuity on the part of the conductor.—6 Cyc. 419. It would have been the duty of the conductor on the Highland Avenue line under the rules and regulations then in force to have ejected the passenger when he failed to pay his fare.—*McGhee v. Reynolds,* 117 Ala. 419. Counsel discuss other assignments of error, but without citation of authority.

BOWMAN, HARSH & BEDDOW, for appellee. The court properly overruled demurrers to the 3rd count.—*Southern Ry. Co. v. Burgess,* 143 Ala. 364; *L. & N. R. R. Co. v. Marbury,* 125 Ala. 237; *Armstrong v. Montgomery St. Ry. Co.,* 123 Ala. 244. The objection to the question to the witness Wood came too late.—*Washington v. The State,* 106 Ala. 58; *Payne v. Long,* 121 Ala. 385. The affirmative charge was properly refused.—*Southern Ry. v. Shelton,* 136 Ala. 191; *Holmes v. Birmingham Southern,* 140 Ala. 215; *B. R. L. & P. Co. v. Livingston,* 39 South. 374.

McCLELLAN, J.—This action is by a passenger for an alleged wrongful ejection. The count of the complaint on which the trial was had charged the negligence resulting in plaintiff's ejection to have been that of a conductor of defendant (appellant) in incorrectly marking or punching a transfer ticket, which was by him given plaintiff in order to prove his right to another conductor of another line of street railway of defendant to transportation as upon the undertaking to carry plaintiff for and in consideration of one fare over both lines. The count is sufficiently definite, in its averments descriptive of the negligence charged, under the liberal rule

35 R

with which such averments have long been treated in this court.—*Southern Ry. Co. v. Burgess,* 143 Ala. 364, 42 South. 35. The ground of demurrer taking this objection was properly overruled.

The count avers an undertaking to carry plaintiff over both lines for one fare; and to sustain this averment it was essential to his recovery to establish to the reasonable satisfaction of the jury that it was the duty of the conductor of the first car to issue to him a transfer ticket to the second car to which he desired to transfer. If it was his duty so to do, then, of course, his authority to that end existed, and a failure to issue a serviceable transfer ticket would render the defendant liable for injuries suffered in consequence. An affirmance of such authority would conclude the existence of the duty stated, and a denial of it would refute the existence of such duty. The plaintiff testified, in part, as follows: "I boarded the North and South Highlands car and paid my fare. Before that time, and until and at this time, the defendant charged five cents for both fares, giving a transfer from one line to the other. They were issuing transfers then." Opposed to this testimony, which tended to show the custom, authority, and duty in the premises, however subsequent testimony given by the plaintiff might be deemed to have qualified the conclusion deducible from the statement quoted, was that of officers of the defendant who explicitly denied this custom, authority, and duty in respect of the issuance of transfer tickets over or between these lines. This obvious conflict compelled the submission of the inquiry to the jury, which was done. A careful review of the testimony, on the vital issue stated, does not justify us, we think, in disturbing the verdict rendered on the ground of its want of substantial support in the evidence.

[Birmingham Ry., L. & P. Co. v. Turner.]

The question to the witness Wood as to the character of tickets used by the defendant at that time appears to have been answered before the objection was made; hence it came too late.—*Washington's Case*, 106 Ala. 58, 17 South. 546. Where the answer is made so immediately upon the conclusion of the question as to deny opportunity to object, manifestly a different rule would obtain.

Whether the damages assessed are excessive must, of course, be referred to the evidence adduced. Apart from the elements of damages specially claimed on account of the physical condition of the plaintiff at the time of his ejection, and which were brought by him to the attention of the conductor demanding his departure from the car, the measure and elements of damages generally recoverable in such cases are stated in *L. & N. R. R. Co. v. Hine*, 121 Ala. 234, 25 South. 857. The testimony shows plaintiff to have had at the time typhoid fever, to be weak, and to have fainted during that afternoon. While the physician attending him testified to the absence of any aggravation of the malady by the additional walk taken after and because of the ejection, yet he also testified that quiet was prescribed for persons afflicted with that disease. The plaintiff testified to his own discomfort, in his weakened condition, resulting from the exertion incident to the walk to his home. Notwithstanding the fact that he had exerted himself, during that afternoon, to such an extent as to possibly induce the conclusion contrary to his contention and testimony, we cannot affirm, under the facts stated, that the damages awarded are excessive. The amount given finds support in the evidence, and there is nothing present indicative of a disposition to oppress.

The ground of the motion for a new trial, that the amount of the verdict was improperly arrived at, was

not sustained in proof. The slips of paper found in the jury room were not shown to have been written upon or made by the jury; and, on the contrary, the affidavit of Barbour, a juryman, is to the effect that the verdict was not fixed by the quotient method. The alleged appropriation by counsel, and a denial of it by opposing counsel on demand, of the paper found in the jury room, certainly, in the absence of proof that the jury used the paper, or the figures on it, in reaching a verdict, was no ground for a new trial whatever penalty, if the charge were sustained, should have been inflicted by the court in the premises.

We have considered ·all assignments insisted on in brief of counsel, and find no error in the record. The judgment is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.