[Atlanta & St. Andrews Bay Railway Company v. Fowler.]

# Atlanta & St. Andrews Bay Railway Company v. Fowler.

## Penalty for Failure to Put in Cattle Guards.

(Decided April 22, 1915.   68 South. 283.)

1. *Railroads; Cattle Guards; Penalty; Complaint.*—Under section 5513, Code 1907, a complaint alleging damages for that plaintiff was the owner or in possession of the lands therein described, that defendant's railroad passed through such land, that on a named date plaintiff made a demand in writing to place cattle guards where the railroad entered his land on the north, and where it left it on the south, that though plaintiff made such demand more than five months prior thereto, defendant had failed to erect such cattle guards and operated its railroad through his land for more than five months after the demand, and that it owed plaintiff $150 for such failure, was sufficient to enable plaintiff to recover the statutory penalty.

2. *Evidence; Relevancy; Test.*—The test of the relevancy of evidence is its tendency to prove the issues presented by the pleading, and it is not necessary that the evidence offered should be sufficient to prove the facts alleged.

3. *Same; Best and Secondary.*—Where the action was against a railroad for the statutory penalty for a failure to erect cattle guards after demand in writing, the testimony of a witness that plaintiff gave him a paper, that he did not know its contents, but saw it written, that plaintiff said he wanted to write defendant's roadmaster a notice about putting in some stock gaps, that he wrote a paper and gave it to witness and told him to give it to the road master, and that witness gave it to the road master the same day, was competent to show a written demand handed to defendant's road master, and was not inadmisisble as parol testimony of the contents of the writing.

4. *Railroad; Cattle Guard; Notice to Erect.*—A notice to a railroad company to erect cattle guards where the railroad entered and where it left the lands of the party giving the notice, distinctly designated or fixed the places for the erection of cattle guards.

5. *Trial; Reception of Evidence; Objection; Time.*—Objection to questions should be made before the answers were given, and if not made until after a responsive answer, the objection comes too late, unless the answer is made so quickly as to preclude objection before answer in which case the objection may be made afterwards.

6. *Same; Non-Responsive Answer; Motion.*—Non-responsive answers by a witness may be met by a motion to exclude, and if this is not done, no question arises on the answer.

7. *Appeal and Error; Review; Reservation of Grounds.*—Where a party had time to object to a question before it was answered, and

in fact, did object, stating his grounds, but failed to state an exception to the overruling of the objection before the question was answered, a motion to exclude the answer after it was given and an exception to the overruling of this motion, presents nothing for review, since an exception as well as an objetcion is necessary, and must be immediately taken upon the ruling; a party not being allowed to speculate on what the answer will be, and then move to exclude when it proves unsatisfactory.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by Richard C. Fowler against the Atlanta & St. Andrews Bay Railway Company, for the statutory penalty for failing to put in cattle guards after written demand. Judgment for plaintiff, and defendant appeals. Affirmed.

Transferred from Court of Appeals under section 6, Act of April 18, 1911 (Gen. Acts 1911, p. 450).

The complaint is as follows: Plaintiff claims of defendant the sum of $150 as damages for that on or about February 15, 1912, plaintiff was the owner or in possession of the following lands, * * * and that the railroad of defendant passes though said land, and has been passing through the same and was passing through the same on February 15, 1912, and now passes through the same; that, on or about the day and date above set forth, plaintiff made a demand in writing upon defendant, its officers, roadmaster, or section foreman, to put or place cattle guards where it enters said land of plaintiff on the north and where it leaves plaintiff's land on the south, and, although plaintiff made said written demand upon defendant more than five months ago, it has failed to so erect said cattle guard, and has continued to operate its said road through said land for more than five months since said written demand, and now owes plaintiff the sum of $150 for such failure to erect such cattle guard.

The assignments of error relative to evidence sufficiently appear in the opinion.

E. H. HILL, for appellant.

ESPY & FARMER, for appellee.

THOMAS, J.—The suit is for the recovery of the statutory penalty for failing, after written notice, to put in cattle guards to prevent the depredation of stock on lands.

(1) 1. The statute under which this action is brought is section 5513 of the Code of 1907, and has been many times passed upon by this court. The section is a codification of the act of the Legislature of December 11, 1886 (Acts 1886-87, p. 163), and is as follows: "Every person or corporation operating a railroad must put cattle guards and crossings for plantation roads upon such railroad, and keep the same in good repair, whenever the owner or person in possession of the land through which the road passes shall make demand upon them or their agents, and show that such guards are necessary to prevent the depredation of stock upon his land, and the crossings are necessary for the proper use of the land. The owner or person in possession of the land through which the railroad passes may recover, of the person or corporation operating the railroad, the sum of twenty-five dollars for every thirty days of default on the part of the person or corporation operating the railroad after written demand, served on an officer, roadmaster, or section foreman, designating the place for the erection of the cattle guard or road crossing, and a like penalty for failing to keep the cattle guard, or road crossing, in good repair, after written demand."

We find no error in the action of the court below in overruling the demurrer to the complaint as amended, The material averments required by the statute are made.—*Atlanta & Birmingham Railway Co. v. Brown,* 158 Ala. 607, 613, 48 South. 73; *Central of Georgia Railway Co. v. Carroll,* 163 Ala. 84, 50 South. 235.

The codification of the act into section 3480 of the Code of 1896 was construed in *Central of Georgia Railway Co. v. Sturgis,* 149 Ala. 573, 43 South. 96, and in *Louisville & Nashville Railroad Co. v. Murphree,* 129 Ala. 432, 29 South. 592. Here the discussion was of the fact that the demand could be made only by the owner of the land, and not by one in possession as tenant. The statute, being in derogation of the common law, was strictly construed. And the act of December 11, 1886, was construed in *Birmingham Mineral Railroad Co. v. Parsons,* 100 Ala. 662, 13 South. 602, 27 L. R. A. 263, 46 Am. St. Rep. 92, where it was unsuccessfully assailed on the ground of unconstitutionality. A consideration of the growth of this subject from the original act, through its codification in the Codes of 1896 and 1907, and of the respective constructions thereof, by this court, will show an extension of its purpose, not only to protect the "owner of the land" from depredations of stock upon his premises, but to secure the "person in possession" in that right necessary for the proper use of the land, and at the same time to deal justly with the person or corporation operating the railroad through the land.

Appellant's counsel seems to rely upon the construction given the statute in *Louisville & Nashville Railroad Co. v. Murphree, supra,* for his assignment of error by the court in overruling his demurrer to the amended complaint. Testing the complaint by the recent discussion of *Atlanta & Birmingham Railway Co*

[Atlanta & St. Andrews Bay Railway Company v. Fowler.]

*v. Brown, supra,* and the form of the complaint before the court in that case, the demurrer was properly overruled.

(2) 2. The two assignments of error on the ruling of the court in the admission of evidence may be considered together. An examination of the brief of appellant's counsel shows that the seventh assignment of error was not insisted upon in argument. If not so waived, the evidence elicited by the question was competent as a circumstance tending to show the receipt of the demand by the roadmaster of appellant company. It is not necessary that evidence offered be sufficient to prove a fact alleged; its relevancy is tested by the tendency to prove the issue presented by the pleadings. —*Farmers' Mutual Ins. Ass'n v. Stewart et al., infra,* 68 South. 254; *Schuchardt v. Allen,* 1 Wall. 539, 17 Ld Ed. 642; *Sanders v. Stokes,* 30 Ala. 432, 436; *Planters' & M. Bank of M. v. Borland,* 5 Ala. 531, 545; *Smith v. Armistead, Ex'r,* 7 Ala. 698; *Cuthbert v. Newell,* 7 Ala. 457.

(3) In regard to the competency of the testimony referred to in the assignment of error, it went to the fact of demand in writing upon the roadmaster for the doing of the act required by the statute to be done, and the effect of the questions and answers was not to prove by parol testimony the contents of a written demand. It was admissible as tending to show that demand was made on a designated agent of appellant.

Witness Harrell had testified that appellee gave him a paper on or about the 15th day of February, 1912; that witness did not know its contents but had seen it written. The question was, "Did he say what it was?" and the answer, "He said he wanted to write to Mr. Rowe (the section master) a notice, something about putting in some stock gaps." "He wrote a paper and

gave it to me and told me to give it to Mr. Rowe. Mr. Rowe was at Alford, Fla., at the time I gave it to him. I gave it to Mr. Rowe on the day Mr. Fowler gave it to me."

The evidence was competent, tending to show a written demand of appellee to appellant, that was handed to Mr. Rowe, the roadmaster, the day Mr. Fowler, the owner of the land, gave it to witness for delivery to the roadmaster. The appellee could not know, before he had closed his evidence, that Mr. Rowe would be a witness for the appellant, and admit that witness Harrell gave him a "note from Mr. Fowler, * * * and that he said he wanted them (the company) to put in two cattle gaps there * * * where he put up two signs," or that S. J. Matthews, as a witness, would state that he was the section foreman, and knew where Mr. Richard Fowler's land was, about five miles from Dothan, and that he was the man on whom the notice to put in some stock gaps was served.

(4) There is no question from the evidence that the written demands from appellee, Fowler, to appellant company, were served on both the company's section foreman and its roadmaster, for the erection of the cattle gaps, and that the places were definitely fixed or designated as where the road "enters" and "leaves" appellee's land.

(5, 6) Objection to questions should be made before answers are given. If not made till after the answer, which is responsive, it comes too late.—*Dowling v. State,* 151 Ala. 131, 44 South. 403; *Hudson v. State,* 137 Ala. 60, 34 South. 854; *Lewis v. State,* 121 Ala. 1, 25 South. 1017; *B. R., L. & P. Co. v. Taylor,* 152 Ala. 105, 44 South. 580; *W. U. Tel. Co. v. Bowman,* 141 Ala. 175, 37 South. 493; *Sharp v. State,* 69 South. 122; *Cady v. Norton,* 14 Pick. (Mass.) 236. If, however,

the answer is made so quickly as to preclude objection before answer, the objection may be made thereafter.—*B. R., L. & P. Co. v. Turner,* 154 Ala. 542, 45 South. 671. Nonresponsive answers may be met by motion to exclude, and, if this is not done, no question arises.—*Sloss-Sheffield Co. v. Sharp,* 156 Ala. 284, 47 South. 279.

(7) In the case in hand the objection to a question was made before answer, and the court overruled the objection. The defendant assigned his grounds of objection, but did not except to the action of the court in overruling his objection. After the question was answered, defendant moved to exclude, on the grounds assigned, and then, for the first time, excepted to the action of the court in overruling his motion to exclude. It was no case of surprise in answer, or of precipitate answer, not giving him time to object. He did object, and assign his grounds, before answer. He did fail to except to the adverse ruling of the court, and speculated on what the answer would be, and then moved to exclude, when it proved not satisfactory.

Mr. Wigmore, in his late work on the law of Evidence (volume 1, pp. 64, 65, § 20), clearly states the law as follows: "The exception serves a double purpose. It makes clear that the party unfavorably affected by the ruling is not satisfied but takes issue; and it sums up and preserves the precise terms of the ruling for the purpose of an appeal. Both of these are indispensable. Neither of them is attained by the objection alone. * * * But their functions are distinct. No matter how plain and correct the objection, the exception is still necessary, even though the objector and the exceptor be the same party."

As to the time of the exception, in some form or other, it is to be "immediately taken upon the ruling."

In (1709) *Wright v. Sharp,* 1 Salk. 288, Chief Justice Holt said: "The statute, indeed, appoints no time, but the nature and reason of the thing requires the exception should be reduced to writing when taken and disallowed."

In (1879) *Danville Bank v. Waddill,* 31 Grat. (72 Va.) 469, 477, it was said to be the rule that: "If a party objects to a ruling of the presiding judge * * * and intends to except to such ruling, he must make known such intention at the time of the ruling."

3. From the foregoing, and the conflicting tendencies in the evidence, the general charge requested by appellant should not have been given.

4. Appellee's counsel urges that his motion be granted for an affirmance because of an insufficient assignment of errors, in that it is not signed by counsel. The cause was not submitted on the motion, and this question need not be decided.

The case is affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.