(136 So. 796)
### McBURNEY v. CENTRAL OF GEORGIA RY. CO.
#### 5 Div. 96.

Supreme Court of Alabama.
Oct. 8, 1931.

Dickinson & Dickinson and Denson & Denson, all of Opelika, for appellant.

Jacob A. Walker, of Opelika, for appellee.

ANDERSON, C. J.

 This is an action to recover the penalty prescribed by section 10009 of the Code of 1923, for the failure of the defendant to provide a crossing upon its track after written demand. The statute provides for the crossing only when "necessary for the proper use of the land." This is a penal statute, and must be strictly construed. L. & N. Ry. Co. v. Murphree, 129 Ala. 432, 29 So. 592; Cen. of Ga. Rwy. Co. v. Sturgis, 149 Ala. 573, 43 So. 96; Altanta & St. Andrews Bay R. R. Co. v. Fowler, 192 Ala. 373, 68 So. 283. We think the words when "necessary for the proper use of the land" mean more than a mere way of convenience, but a way of necessity as heretofore defined by this and other courts.

Mere convenience will not create a way of necessity across a railroad track from one portion of a farm to another where both portions are accessible by highway. Childs v. Boston & Maine R. R., 213 Mass. 91, 99 N. E. 957, 48 L. R. A. (N. S.) 378, Birmingham Trust & Savings Co. v. Mason, 222 Ala. 38, 130 So. 559, Hamby v. Stepleton, 221 Ala. 536, 130 So. 76.

It may be questioned as to whether this statute, in providing a crossing "upon" the railroad, means anything more than a grade crossing as distinguished from an overhead bridge or an underpass, and that the physical facts disclose the impracticability of a grade crossing, yet it may be conceded, only for the purpose of deciding this case, that it includes any kind of crossing, for the reason that the plaintiff has failed to show such a necessity for the crossing as the statute contemplates. First, the proof shows that each portion of the land abuts on a public highway. But, regardless of this, the plaintiff had, before the suit was brought and within a reasonable time after the demand was made, as near and convenient a way of reaching her land across from her home as the one demanded, and the defendant procured and conveyed to her the undisputed right to use and enjoy the strip just across the track at the bridge connecting the main body of her land with the highway, and which gave her a safe and convenient connection between her home and the upper track.

As we view this case, the trial court could have well given the affirmative charge for the defendant, and the rulings complained of, if error, were innocuous.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.