[Dowling v. The State.]

# Dowling v. The State.

## Rape.

(Decided June 13, 1907.   44 South. 403.)

1.   *Criminal Law; Appeal; Presenting Grounds; Necessity of Rulings.*—In order to present for review matters of evidence. or. other motions, it is necessary that the bill of exceptions shows that such matter was properly presented to the court, and that the court ruled upon it.

2.   *Same; Trial; Objection to Evidence; How Taken.*—Where no objection is made to the qeustion calling for the testimony, it is not error to refuse to exclude such testimony on motion afterwards made.

3.   *Bill of Exceptions; Ambiguity Therein; How Construed.*— Where a bill of exceptions is ambiguous, admitting of a construction that will work a reversal and one that will reqiure an affirmance, the latter construction will be given it and the judgment of the court upheld.

4.   *Trial; Directing Verdict.*—Where there is a conflict in the evidence, or where there is evidence tending to support the charge, the affairmative charge is always properly refused.

APPEAL from Montgomery City Court.

Heard before Hon. W. H. TUOMAS.

Eugene Dowling was convicted of rape, and appeals. Affirmed.

L. A. SANDERSON and G. H. SHREVE, for appellant.— The court, erred in admitting evidence· of a· complaint made some years previous to the indictment.—*Lacy v. The State,* 45 Ala. 81; *Griffin v. The State,* 76 Ala. 29; *Barnes v. The State,* 88 Ala. 208.   The court erred in the admission of the other evidence objected to.—*Sanders v. The State,* 41 South. 467; *Dickey v. The State,* 38 So. Rep. 777; *Posey v. The State,* 38 So. Repp. 1019; *Oakley v. The State,* 135 Ala. 15; *Bray v. The State,* 131 Ala. 46; *McAlpine v. The State,* 117 Ala. 93.

[Dowling v. The State.]

ALEXANDER M. GARBER, Attorney General, for State.— There were no grounds stated for the objections, and in fact most of them came after the questions had been answered without objection, and in the shape of motions to exclude.—*Braham v. The State*, 143 Ala. 28; *Thomas v. The State*, 43 So. 371; *Choppin v. The State*, 123 Ala. 58; *Franklin v. The State*, 39 South. 279. The bill of exceptions is ambiguous, and must be construed to support the judgment rather than to reverse it.—*Dickens v. The State*, 142 Ala. 49.

McCLELLAN, J.—The appellant was convicted of rape. Outside of the error sought to be predicated upon the refusal to give, for the defendant, the general affirmative charge, all the exceptions attempting to bring up for review the action of the trial court relate to the admissibility of testimony. A majority of these are founded on no ruling of the court, invoked by appropriate objection or motion to exclude. Merely objecting to a question propounded to a witness, or a motion to exclude testimony already admitted, is not enough to, on appeal, present any reviewable matter. It must appear by the bill of exceptions that a ruling of the court was had on the proposition presented by the objection or motion, and that action of the court thereon was had and excepted to. The act of the court, not the act of the parties in invoking it, though necessary thereunto, is the matter reviewable on appeal.—*Thomas v. State*, 43 South. 377.

The practice, several times pursued in this case, seems to have been to object, not to questions propounded, but to testimony already before the jury, and to move to exclude it, and then except to the court's refusal to do so. This practice has been often condemned by this court. It has all the elements of a speculation upon what a wit-

[Collins v. Smith.]

ness will say, seeking, if unfavorable, to eliminate the answer, and, if favorable, availing himself of it.—*Coppin v. State*, 123 Ala. 58, 26 South. 333, and authorities there cited; *Franklin's Case* (Ala.) 39 South. 979.

Furthermore, the bill of exceptions is in several instances ambiguous, and hence demands the application of the rule declared in *Dickens' Case*, 142 Ala. 51, 39 South. 14, 110 Am. St. Rep. 17, thus: "A bill of exceptions is construed most strongly against the party excepting, and, if it will admit of two constructions, one of which will reverse and the other support the judgment, the latter construction will be adopted."

There was testimony in the cause tending to establish defendant's guilt of the offense charged; hence the affirmative charge was well refused.

We find no reversible error in the record, and the judgment appealed from will be affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.