(89 South. 98)

**ANDERSON v. STATE. (4 Div. 665.)**

(Court of Appeals of Alabama. Feb. 8, 1921.)

**1. Intoxicating liquors ⊂⊃233(2)—State properly permitted to show location and condition of still.**

In a prosecution for violating the prohibition law, wherein defendant was convicted of having in possession prohibited liquor, court did not err in permitting state to show the finding, location, and condition of a still found near defendant's house and to exhibit it before the jury, the liquor when found being warm, and the defendant being smoky and dirty, with the smell of beer slop on his clothes; defendant's claim being that the liquor was left at his house without his knowledge.

**2. Criminal law ⊂⊃1045, 1054(1)—Merely objecting to question not enough to require review on appeal.**

Merely objecting to a question propounded to a witness, or a motion to exclude testimony already admitted, is not enough to present any reviewable matter, as there must be a ruling of the court on the proposition presented by the objection or motion and an exception to the ruling.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Lewis Anderson was convicted of violating the Prohibition Law, and he appealed. Affirmed.

E. O. Baldwin, of Andalusia, for appellant.

The finding of the still was improperly admitted in evidence. 196 Ala. 679, 72 South. 310, L. R. A. 1916F, 1018. The court erred in admitting the evidence relative to tracks. 118 Ala. 79, 23 South. 776.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error in admitting evidence concerning the still and the defendant's connection therewith. 14 Ala. App. 44, 70 South. 990; 12 Ala. App. 265, 69 South. 910. The court did not err in admitting the evidence of tracks. 202 Ala. 65, 79 South. 459; 178 Ala. 59, 59 South. 637.

MERRITT, J. The defendant was convicted under the second count of an indictment which charges that he received, had in possession, or possessed prohibited liquors. There was no denial of the fact that prohibited liquors were found at the home of the defendant, as was testified to by witnesses for the state. The defendant claimed, however, that this liquor was left at his house the morning of his arrest while he was in his field at work, and that he had no knowledge that it was there. There was evidence on the part of the state that on the morning that defendant was arrested and certain prohibited liquors were found in his home there was also found within 300 yards of defendant's house a still in operation; that a portion of the whisky or rum found at defendant's house was still warm; that defendant was smoky and dirty, with the smell of beer slop on his clothes; that the fire under the still was made of pine light wood knots and made black smoke; that there was a path or fresh track leading over freshly plowed ground from defendant's house in the direction of and close to this still; that the defendant on the morning of his arrest, which was the time it is alleged he had prohibited liquors in his possession, upon the approach of the officers to his house, ran out and attempted to make his escape; and that he was at this time drunk or drinking. The testimony tends to show that the still was not located on the lands of the defendant.

[1] Over the objection of the defendant the state was permitted to show the finding, location, and condition of the still, and to ex-

hibit it before the jury. We think there was no error in permitting all these facts to be in evidence. Being so closely connected as to time and place, with the commission of the alleged offense, they at least had a tendency to show the means, way, or opportunity by which the alleged offense was made possible, and tended to refute the contention of the defendant that one other than he had brought the liquor to his house, and that ·his was an innocent possession. His smoky and dirty condition, which one phase of the evidence tends to show was produced by smoke and dirt from the still, fired as it was with pine that produced black smoke, the condition of his clothes, and the rum, a portion·of which was still warm, all had a tendency to at least refute the defendant's contention and tended to indicate that, if he did not safely bring the liquor to his home, he at least had guilty knowledge of it being there.

[2] There appears to have been no ruling of the court on the question propounded by the solicitor to the witness Robbins as to whether certain tracks were made by the defendant. Merely objecting to a question propounded to a witness, or a motion to exclude testimony already admitted, is not enough to on appeal present any reviewable matter. It must appear by the bill of exceptions that a ruling of the court was had on the proposition presented by the objection or motion, and that action of the court thereon was had and excepted to. G. J. Headley et al. v. William McCall (Sup.) 87 South. 355.[1] The act of the court, not the act of the parties invoking it, though necessary thereunto, is the matter reviewable on appeal. Thomas v. State, 150 Ala. 31, 43 South. 377; Dowling v. State, 151 Ala. 131, 44 South. 403; A. & St. Andrews Bay Ry. v. Fowler, 192 Ala. 373, 68 South. 283; Seaboard Air Line v. Mobley, 194 Ala. 211, 69 South. 614.

We find no reversible error; and the judgment is affirmed.

Affirmed.

⊂═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 205 Ala. 108.