(109 So. 764)

**FERGUSON v. STATE. (8 Div. 410.)**

(Court of Appeals of Alabama. June 15, 1926. Rehearing Denied Aug. 31, 1926.)

**1. Rape ☞57(5).**

Question of defendant's intent in assaulting prosecutrix, and whether he would have accomplished his purpose to ravish her but for outside interference, *held* for jury.

**2. Criminal law ☞722(2).**

Solicitor's remarks, in prosecution for assault with intent to ravish, relative to a little girl like that being a fit subject for smart Aleck like defendant to say he was going to have a good time with, *held* not erroneous and unfair.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Reuben Ferguson was convicted of assault with intent to ravish, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ferguson v. State, 109 So. 764.

The argument of the solicitor to which objection was taken by defendant and overruled by the court is as follows:

"A little girl like that was a fit subject for a smart Aleck like he is to go down there and say he was going to have a good time with her."

O. M. Raines, of Scottsboro, for appellant.

The evidence was insufficient to show intent. Taylor v. State, 20 Ala. App. 161, 101 So. 160; Dannelly v. State, 80 Fla. 773, 87 So. 44; 22 R. C. L. 12. The remarks of the solicitor, to which objection was taken, should have been excluded. Rowe v. State, 20 Ala. App. 119, 101 So. 91.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The evidence was in dispute, and the general charge was properly refused. Tatum v. State, 20 Ala. App. 24, 100 So. 569. If the argument of the solicitor had been improper, defendant could take nothing by merely objecting thereto; a motion to exclude is necessary. Lambert v. State, 208 Ala. 42, 93 So. 708.

SAMFORD, J. [1, 2] The ingredients of the offense here charged have been so often stated by this court as not to require restatement here. If the defendant at the time testified to assaulted the girl, Ida Allen, with the intent forcibly to ravish her, he would be guilty as charged. That he assaulted the girl is well established by the evidence. Was it with the intent and would he have accomplished his purpose but for her resistance or outside interference? This was a question for the jury under the evidence, and hence the court did not err in refusing the general charge.

The remark of the solicitor to which exception was reserved does not come within the class of argument condemned by this court as being erroneous and unfair. The foregoing is an answer to the brief filed by counsel, but we have gone further and examined each exception taken, and in the rulings of the court find no prejudicial error.

There is no error in the record, and the judgment is affirmed.

Affirmed.