165 So. 780

## HUDSON v. STATE.
### 2 Div. 554.

Court of Appeals of Alabama.
Dec. 17, 1935.

Rehearing Denied Jan. 14, 1936.

Pitts & Pitts, of Selma, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant, at about midnight, or a little after, had the wife of deceased in his car, under circumstances which gave room for a fair inference that he was preparing to have intercourse with her. At this time deceased came up, a fight ensued, and appellant, by his own admission, shot and killed the deceased.

True, appellant's testimony made out a case of justifiable homicide on the ground of self-defense; but, as we read the evidence, all the issues in the case were properly to be decided only by the jury. According to the "dying declaration" of the deceased, admitted without error into the evidence, he was doing nothing to appellant at the time he was shot.

■ The bill of exceptions recites that: "During the argument of Judge S. F. Hobbs, Special Prosecutor, defendant objected to that portion of the argument in which Judge Hobbs referred to the defendant as a *low down yellow cur—dog* (sic. italics ours) on the ground that it only served to prejudice the jury's mind; that it was not a proper argument, and was improper for counsel to use. The court overruled the objection and the defendant duly and legally excepted."

We think the above quotation sufficiently sets forth the fact that Judge Hobbs stated that defendant was a *"low down yellow cur dog"; that this *statement* was duly objected to; that the objection was overruled by the court; and that exception was reserved to the said ruling. All this (without more) properly presents for our decision the question of whether or not it was prejudicially erroneous to overrule the objection to the statement italicized. American Ry. Express Co. et al. v. Reid, 216 Ala. 479, 113 So. 507 (on rehearing).

We do not propose to descant upon the general theme of "argument to the jury." We feel incapable of adding anything of value to what has *already* been said on that subject by the Supreme Court (and perhaps the Court of Appeals) of our state. Nearly every time, we observe, any later existent discussion of the subject refers back to the opinion for the Supreme Court by Justice Stone in Cross v. State, 68 Ala. 476. And well it might. Because, while a great deal has been written on the topic *since* the decision in the Cross Case, we have found nowhere an improvement in the statement of the proper rules to apply, over the statement by Judge Stone in that case. See Shepard's Alabama Citations.

Undertaking, as best we are able, to apply the pertinent rule announced in the said Cross Case, we must hold, as we do, that the action of the trial court in overruling the objection to the statement in question was not error for which the judgment of conviction will be reversed.

The "pertinent rule" we have in mind is the one that decrees a reversal of the judgment when objection is made *and overruled* (and an exception to the ruling reserved) to a statement made as of fact, where no evidence *supports* the statement, and "its natural tendency is to influence the finding of the jury."

It is our opinion that there *was* evidence supporting the statement. "Translated," by the aid of Webster's New International Dictionary, the statement was no more than that defendant was "a very low, mean, base, cowardly, worthless fellow." Strong language, it is true; but, if the state's testimony was to be believed—and the result of the trial seems to indicate that it *was* believed—we cannot say that it afforded no inference of the justification of such a statement.

■ Under the situation shown, without dispute, to have existed at the time and place of the homicide, the question of whether or not "the act done" by appellant was "of a character to provoke a difficulty" with deceased, thereby cutting off appellant's right to plead self-defense, was a fact to be determined by the jury. Baldwin v. State, 111 Ala. 11, 20 So. 528. We discover no ruling on the trial that failed to accord to appellant every right due him in this regard.

The written charges refused to appellant, if not covered by charges given to the jury, or patently erroneous in their content of law, were confusing or misleading. They were properly refused.

We have given careful consideration to every exception reserved or assumed, but we find nowhere a prejudicially erroneous ruling or action on the part of the trial court. The judgment is affirmed.

Affirmed.