178 So. 896

## GALLOWAY v. STATE.
### 7 Div. 372.

Court of Appeals of Alabama.
Feb. 8, 1938.

Foster & Hogan, of Fort Payne, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The defendant was indicted jointly with one Vester Hare on a charge of murder in the second degree.

On the trial Hare demanded a severance which was granted, and the cause proceeded to judgment against this defendant finding him guilty of manslaughter in the first degree, and on said judgment he was sentenced to the penitentiary for five years.

The homicide in this case was one of the results of a general fight between this defendant and Hare on the one part, and the family of the dead man on the other.

■ It can be readily seen from the testimony in this case that both parties fought willingly, and therefore neither party was entitled to invoke the doctrine of self-defense. However, after a full inquiry into everything that took place, the trial judge charged the jury on the doctrine of self-defense, thereby giving to the defendant the benefit of that plea.

The evidence for the State was amply sufficient to sustain the charge as laid in the indictment, and for that reason the contention of appellant that the verdict was contrary to the overwhelming weight of the testimony is without merit.

■ Moreover, the ruling of the trial court as to the refusal of a motion for a new trial does not appear as an exception in the bill of exceptions, and for that reason is not reviewable in this case. Levene v. State, 26 Ala.App. 428, 161 So. 268.

There are numerous objections and exceptions to the introduction of testimony which we have read and considered, which is required by the statute, Code 1923, § 6088, but in none of these rulings do we find error prejudicial to the defendant's cause.

■ The remark of the special counsel prosecuting for the State, that, "This crowd of cut-throats," as referred to the parties engaged in the fight and testifying as witnesses, is not sufficient prejudicial error to warrant a reversal of the case, although the remark is-improper. Hudson v. State, 27 Ala.App. 28, 165 So. 780.

We find no error in the record, and the judgment is affirmed.

Affirmed.