9 So.2d 154

### SIMPSON v. STATE.

#### 7 Div. 654.

Court of Appeals of Alabama.
June 30, 1942.

558

Merrill & Merrill, of Anniston, for appellant.

Thos. S. Lawson, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction for the offense of rape, this appeal was taken.

The record of the proceedings of the trial in the lower court appears regular in all respects.

Pending the trial, the defendant reserved several exceptions to the rulings of the court upon the admission of evidence. Each of the exceptions have been examined and all of them are so clearly without merit, we hold no error appears. in any of these rulings. It would serve no purpose to discuss these questions in detail as the matters involved are simple and elementary.

Charge 1, refused to the defendant, being the affirmative charge, was properly refused, as the evidence adduced upon the trial was in direct conflict as to each of the material issues involved, hence the controlling question of fact was for the jury to consider and determine. As stated the trial court correctly held it was without authority to direct a verdict.

Refused charge 2 was fairly and substantially covered by the very excellent oral charge of the court, therefore the trial court was under no duty to repeat said charge on the question involved.

The evidence, upon which the State relied for a conviction, depended principally,. was that given by the woman in question, the alleged injured party.. The facts as testified to by her tended to make out the case as charged in the indictment. It was. without dispute that the principals upon this trial, i. e. the defendant and the woman named in the indictment did, upon the occasion in question, indulge in sexual intercourse. This is freely admitted by the accused, a married man 27 years of age,. and the uncle, by marriage, of the named woman, a young girl 17 or 18 years of age. She testified, in no uncertain terms, the act was the result of force upon the part of defendant; he stated, no force was used and that the illicit intercourse was had by and with the full consent of the alleged injured party. We regard it as unnecessary to recite the testimony in this. opinion and therefore refrain from so. doing.

Objection was interposed to a certain portion of the argument of the Solicitor wherein he stated: "The dirty scoundrel, the dirty skunk, who would betray his niece as this defendant has done." Ex--

ception was reserved to the action of the court in overruling said objection. It affirmatively appearing that the remarks of the Solicitor were not within the inhibited rules as being a statement of fact not sustained by the evidence, but merely the expression of an opinion based on inferences from the testimony, the exception reserved is without merit.

 This court is without authority to review the action of the lower court in overruling and denying defendant's motion for a new trial as no exception as to this action of the court is properly presented for our consideration. 7 Alabama Digest, Criminal Law, ☞1090(16).

No error appearing, the judgment of conviction from which this appeal was taken must be, and is, affirmed.

Affirmed.