46 So.2d 576

**LEWIS v. STATE.**

**6 Div. 73.**

Court of Appeals of Alabama.
May 30, 1950.

R. G. Redden, Vernon, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

CARR, Judge.

The appellant was tried and convicted in the circuit court of being the father of a bastard child.

The affidavit in the justice of the peace court omitted to allege that the offense was committed in Lamar County, Alabama. Warrant of arrest was duly issued.

At the time of the hearing before the justice of the peace, attorney for the accused interposed demurrers to the complaint, as he termed it, and also appeared specially and filed a plea. The omission in the affidavit is not pointed out with particularity.

We will pretermit a decision on the question of whether or not this was the proper attack and proceed with a review of the matter.

After hearing the evidence the justice of the peace required the accused to enter into bond conditioned that he appear at the next session of the circuit court. Title 6, Sec. 3, Code 1940.

In the circuit court the solicitor filed a complaint which contained the averment of venue. Counsel filed objections and also interposed demurrers thereto. These were overruled by the circuit judge.

Sec. 1, Title 6, Code 1940, provides for the necessary initial step in a bastardy proceeding. It is not contemplated nor required that much formality be followed in the justice court as to pleading and the introduction of evidence. In fact, it has been held that the affidavit and warrant are in no sense pleadings, that the issues there made are under the order of the justice of the peace. Smith v. State, 73 Ala. 11.

 "It serves all the purposes intended if it induces the issue of process for the arrest of the defendant." Laney v. State, 109 Ala. 34, 19 So. 531, 532.

It is not necessary that the complaint before the justice of the peace be in writing. He acquires jurisdiction to issue the warrant of arrest and proceed with the hearing if the complaint is made orally. Laney v. State, supra; Pruitt v. Judge, 16 Ala. 705.

If the prosecution for bastardy is made during pregnancy the complaint must be made in the county where the expected mother lives. State v. Woodson, 99 Ala. 201, 13 So. 580.

However, without regard to the sufficiency of the affidavit as to form, the justice of the peace must issue the warrant of arrest and in due time proceed with the hearing as the statute requires. In this manner he ascertains the essential facts, including venue. At the conclusion of the hearing, if it then appears from the evidence that the proceedings were instituted in the proper jurisdiction and there is probable cause to believe that the accused is guilty of the charge, the justice of the peace must require bond as provided in Section 3, supra.

 The matter of application for a continuance, on account of the absence of a witness, addressed itself to the discretion of the court. There is no indication that this discretion was abused. Hull v. State, 232 Ala. 281, 167 So. 553; Gast v. State, 232 Ala. 307, 167 So. 554.

The court did not allow the introduction of a written statement of an absent witness. The offer was made when the State had rested its case. The court observed, in denying the tender, that when the application for a continuance was made there was no request for a showing and he was not advised of the desire to introduce it previously to the offer. This explains the position of the court, and it is an authorized basis for his ruling.

Counsel objected to this excerpt from the solicitor's argument to the jury: "This defendant was lowdown and sorry enough to get her in this condition and then wouldn't do anything about it." The court overruled the objection.

This statement was fairly deducible from the evidence. The prosecuting officer did not exceed his legal bounds in making the assertion. Cantrell v. State, 29 Ala.App. 614, 199 So. 742; Simpson v. State, 30 Ala. App. 557, 9 So.2d 154; Ferguson v. State, 21 Ala.App. 519, 109 So. 764; Baughn v. State, 22 Ala.App. 517, 117 So. 608; Hudson v. State, 27 Ala.App. 28, 165 So. 780.

We have responded to each question which is presented for our review.

It is ordered that the judgment below be affirmed.

Affirmed.