93 So.2d 750

**B. M. WATSON**

v.

**STATE of Alabama.**

**6 Div. 47.**

Supreme Court of Alabama.

March 7, 1957.

Rehearing Denied April 4, 1957.

John Patterson, Atty. Gen., Bernard F. Sykes and Jas. W. Webb, Asst. Attys. Gen., for the State.

MERRILL, Justice.

Appellant was indicted, tried and convicted for murder in the first degree and sentenced to imprisonment in the penitentiary for life. His motion for a new trial was overruled and he appeals.

The deceased, Edward Battles, and three friends arrived at a beer joint, First and Last Chance, on old Highway 11 in Jefferson County, not far from the Tuscaloosa County line, around 9:15 p. m., on June 18, 1955. One of his friends, C. L. Thompson, had an unopened can of beer, purchased at

Beddow, Gwin & Embry and Roderick Beddow, Jr., Birmingham, for appellant.

another establishment, which he set on the counter at First and Last Chance. The defendant, manager of the beer joint, told Thompson that if he was going to drink beer in his place of business he would have to buy it there. Thompson told defendant that if he didn't appreciate their business they would go, and he and his friends began moving toward the door. At a point near the door, defendant grabbed Thompson by the shoulder but one of the party, not the deceased, pushed Thompson out the front door and pushed Watson toward the interior of the joint and all the members of Battles' party went out across an uncovered platform or porch in front of the door, which extended about five feet toward the highway and was about eight inches above the ground, with Battles being the last out the door. As the party went out the door, defendant went back behind the counter and got a pistol and returned to the porch. Thompson testified that Watson told deceased to run and when he did not run, defendant shot deceased three times and ·shot at Thompson twice. The owner of the place, Gorman Armstrong, testifying for defendant, said that deceased was attacking defendant with a plank or board. Deceased was shot three times; his friends took him to a hospital and he died some hours later.

There was no evidence that deceased and defendant had any words prior to the time the party was leaving and all the eye-witnesses put deceased off the porch before the defendant returned to the porch with the pistol. Defendant did not testify in his own behalf.

■■ In brief, appellant cites three instances in which he argues reversible error occurred. The first is in the cross-examination of the State's rebuttal witness, Pearl House, the mother of the wife of deceased. In an attempt to show bias, interest or prejudice of this witness, defendant's counsel addressed the following statement to her: "You are aware of the fact, and you know, that your daughter is suing the defendant for a hundred thousand dollars."

The State objected and there followed a three-sided colloquy between counsel for both sides and the court. Counsel for defendant argued that since the witness was the mother of the deceased's wife, who was suing the defendant for damages in a civil case, she was interested sufficiently to be biased or prejudiced. The solicitor argued that since the mother was not a party to the suit, the mere fact of the relationship of mother and daughter did not impute interest to the mother. It seems that the court was inclined to agree with the solicitor's argument when defendant excepted and the matter was dropped.

It is settled that it must appear from the record that a ruling of the court was had on a proposition presented by objection or motion, and that action of the court was had thereon. It is the act of the court, not the act of the parties in invoking it, though necessary thereunto, that is reviewable on appeal. Dowling v. State, 151 Ala. 131, 44 So. 403; Anderson v. State, 18 Ala.App. 58, 89 So. 98.

The colloquy previously referred to is copied in briefs of both parties and we have considered it carefully in consultation. We are of the opinion that it is not clear that the trial court ever actually ruled on the objection. In such case, there is nothing presented for us to review. Also, the literal wording of the statement and the punctuation in the record shows that it was a statement to the witness and not a question, and was objectionable for that reason. But irrespective of whether a ruling of the court was had, the defendant had already succeeded in making his point with the jury that the witness' daughter was suing the defendant. The preceding witness for the defendant was the clerk of the circuit court, and the complaint, whereby deceased's wife was suing defendant for $100,000, was offered in evidence. The statements made by counsel then, and in the colloquy during the cross-examination of Pearl House, were more than adequate to apprise the jury of the pending suit.

█ Appellant next urges that the court erred when defendant objected to the statement in the solicitor's closing argument "when that maniac shot that man like a dog as he stood on the porch over him." The following transpired:

"Mr. Beddow: And we object to it on the ground that there is no evidence here that Mr. Watson is a maniac. There is no evidence, may it please the court, that it is a statement of fact by counsel, without a reasonable inference arising from the evidence in this case, and it is done for the purpose of inflaming the minds and prejudices of—and minds and prejudices of the jury against the defendant.

"The Court: I'll exclude that portion of it, 'shot him like a dog' but he can argue the inference from the evidence that he shot him while he was lying there.

"Mr. Beddow: And, if your honor please, further, because of the irreparable statement and the irreparable damage done to the interest of this defendant by that statement, which was made by counsel in his closing argument, and for the reason that it is inerradicable, we move the court to declare a mistrial in this case.

"The Court: Over-ruled.

"Mr. Beddow: We except."

An eyewitness had testified that the defendant had shot deceased as he was lying down in front on the porch, and that the gun was about two feet from deceased's body when the third shot was fired by defendant.

A mistrial will not be granted on motion of defendant where the court has sustained his objections to alleged improper argument and excluded it from the jury's consideration, unless it clearly appears that the defendant's rights have been so prejudiced as to render a fair trial a matter of grave doubt. Bryant v. State, 252 Ala. 153, 39 So.2d 657; Coats v. State, 253 Ala. 290, 45 So.2d 35; Burkett v. State, 215 Ala. 453, 111 So. 34; Houlton v. State, 35 Ala.App. 444, 48 So.2d 11. See also, Pilley v. State, 247 Ala. 523, 25 So.2d 57.

While we do not sanction name calling or odious comparisons, it is sufficient in most cases for the court to exclude the objectionable part of the statement. The following "inelegant and unparliamentary" statements in argument have been considered by our courts and held not to be grounds for reversal: " 'This defendant has lied like a dog running on hot sand,' " Reed v. State, 32 Ala.App. 338, 27 So.2d 22, 24, certiorari denied 248 Ala. 196, 27 So.2d 25; defendant was "a smart aleck," Ferguson v. State, 21 Ala.App. 519, 109 So. 764, certiorari denied 215 Ala. 106, 109 So. 764; " 'defendant did not care any more for ruining that little girl than he did coming on the witness stand and swearing a lie, like he has done in this case,' " Baughn v. State, 22 Ala.App. 517, 117 So. 608; " 'what monumental liars these plaintiffs are!' " Green & Sons v. Lineville Drug Co., 167 Ala. 372, 52 So. 433, 436; " 'From the evidence in this case he (the defendant) is a damned thief,' " Jackson v. State, 33 Ala. App. 42, 31 So.2d 514, 519, certiorari denied 249 Ala. 348, 31 So.2d 519. We cannot say that the statement in the instant case was so injurious as to deprive defendant of a fair trial.

█ Appellant also argues that another statement made by the solicitor constituted reversible error. The solicitor said, "If this defendant served a thousand years in hell, from this date, he would not pay for the wrong he did in killing of this deceased." The defendant objected; the court sustained the objection and instructed the jury not to consider the statement "serve a thousand years in hell." The defendant then moved for a mistrial on the ground that the injury was ineradicable. The motion was overruled and defendant excepted. The court again instructed the jury not to

let the statement influence them "one iota" in arriving at their verdict.

The law stated in the discussion of the first argument is applicable here. A remark similar to the one before us was made and not excluded in Gilbert v. State, 19 Ala. App. 104, 95 So. 502, 504, where it was said:

"Defendant also made objection to the further remark of the solicitor and excepted to the action of the court in overruling his motion to exclude same. The remark was:

" 'You find him guilty. He is guilty as hell itself under this testimony, and you know it.'

"This remark is but the mere expression of counsel made in argument, and does not come within the rule very generally announced, which is: In order that a statement may come within the rule which prescribes the limits of fair discussion, the statement must be made as of fact; the fact stated must be unsupported by any evidence, must be pertinent to the issue, or its natural tendency must be to influence the finding of the jury. Cross v. State, 68 Ala. 476. This court, while not giving its approval of the character of the argument complained of, would not be warranted in reversing the judgment appealed from, for the reason that we are of the opinion that such argument did not injuriously affect the substantial rights of the defendant."

As is required of us in criminal cases, we have searched the record for error, whether called to our attention in brief or not, and we find no reversible error. The evidence was ample to support the verdict and the motion for a new trial was properly overruled. The judgment of the Circuit Court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.