The appellant was indicted and convicted for the first degree murder of Harris Lee Parcus, Jr. by shooting him with a pistol. In accordance with the verdict of the jury, the trial court imposed a sentence of life imprisonment. The appellant argues that his conviction should be overturned because of the allegedly prejudicial remarks of the District Attorney in his closing argument to the jury.
 I
Initially it is argued that the District Attorney directly commented on the appellant's failure to testify. At trial the defense rested immediately after the State presented its case and the appellant did not testify or present any evidence in his behalf.
The objectionable remarks by the District Attorney appear in the record as follows:
 "I am going to talk about that — this good old country boy from Decatur has given you all of these facts for you to decide this case on. Just where is the evidence? What evidence has he put before you? And I ask you, show it to me."
Defense counsel objected, requested the court to instruct the jury to disregard, and moved for a mistrial. The trial court sustained the objection and instructed the jury that "you must disregard that statement". He then polled each member of the jury asking each juror separately if he or she could disregard the statement. Each juror responded that he or she could. The court then asked the jury as a body "Will each of you disregard it as you have stated to me?" and received an affirmative response. Next the court instructed "counsel for the State to make no further reference of that nature". The motion for a mistrial was denied. *Page 1117 
The next day after this remark was made, the court, in charging the jury, instructed that the defendant had a "perfect right" not to testify.
 "You are instructed that that is a fact from which you may draw no inference. You may not consider that fact in the defendant's favor or to his detriment. It is just a matter to be put out of your mind and not consider it at all. You may not draw conclusions of any sort from the fact that the defendant did not testify in this case."
The rule in Alabama is that:
 "Where the State's evidence does stand uncontradicted, the prosecutor does have the right to point this out to the jury. In that circumstance the prosecutor could say: `There has been no refutation of any of the evidence presented by the State,' or more simply, `The State's evidence stands uncontradicted,' or other appropriate comment to like effect.
 "But it is concomitantly the duty of the prosecutor not to, in any manner, comment on the failure of the defendant to testify. Thus if there exists the possibility that the prosecutor has commented in such a manner that the jury may understand it as a comment on the defendant's failure to testify, it is for the trial court to cure this violation of prosecutorial duty by prompt and vigorous instructions to the jury informing them of defendant's right not to be compelled to testify and that they may draw no presumption from his decision not to testify. Tillis v. State, 292 Ala. 521, 296 So.2d 892 (1974), and cases cited therein. In this regard we note that some comments can be so prejudicial as to be ineradicable. Stain v. State, 273 Ala. 262, 138 So.2d 703 (1961); McLemore v. International Union, 264 Ala. 538, 88 So.2d 170 (1956) (noncriminal case)." Beecher v. State, 294 Ala. 674, 682-683, 320 So.2d 727, 734
(1975).
Here the prosecutor's comment went further than a mere remark that the State's evidence was uncontradicted. The comment focused on the defendant's failure to put evidence before the jury. Such comment was improper as there is the reasonable possibility that it could be understood by the jury as a reference to the failure of the defendant to testify. Beecher,294 Ala. at 682, 320 So.2d 727. However, the comment was not so prejudicial as to be ineradicable.
Where the trial court immediately charges the jury to disregard the prosecutor's improper remarks, there is a prima facie presumption against error. Tillis v. State, 292 Ala. 521,523, 296 So.2d 892 (1974); Davis v. State, 259 Ala. 212, 217,66 So.2d 714 (1953); Williams v. State, 43 Ala. App. 343, 346,190 So.2d 556 (1966). In Beecher, the Supreme Court indicated that the trial court's prompt and vigorous instructions to the jury should inform them of the defendant's right not to be compelled to testify and that they may draw no presumption from his decision not to testify. 294 Ala. at 683, 320 So.2d 727. However an improper remark may be rendered "innocuous" where the thrust of the remark is indirect and the trial court sustains the objection of defense counsel and merely instructs the jury not to consider the remark. Tillis v. State,292 Ala. at 523, 296 So.2d at 894 (where the instructions were, "Gentlemen you will not consider that. This is not evidence . . .") In the instant case we need indulge no presumption against error as the trial judge wisely ascertained from each individual juror that the remark could not and would not be considered. The action of the court in determining that the prosecutor's remark would be disregarded by each juror and his instructions to the jury support the finding that any harmful or prejudicial taint or effect was cured.
The granting of a mistrial is an extreme measure and should be exercised only when manifestly necessary or when the ends of justice would otherwise be defeated. Section 12-16-233, Code 1975. A motion for a mistrial should not be granted where the prejudicial qualities of the comment can be eradicated by action of the trial court. Stennett v. State, 340 So.2d 67
(Ala.Cr.App.), cert. denied, 340 So.2d 68 (Ala. 1976). Under these circumstances the action of the trial court cured any prejudice to the appellant resulting from the prosecutor's remarks. *Page 1118 
 II
The appellant's argument that Section 12-21-220, Code of Alabama 1975, requires the trial court to automatically grant a new trial if the District Attorney makes any comment on the defendant's failure to testify is without merit. In Broadway v.State, 257 Ala. 414, 418, 60 So.2d 701 (1952), it was held that such argument is constitutionally unsound as it is premised on an infringement of legislative power upon judicial discretion and violates Section 43 of the Alabama Constitution of 1901 providing for the separation of powers.
 III
We have carefully reviewed the three other comments by the prosecutor which the appellant finds objectionable.[1] To each argument the trial judge sustained defense counsel's objection, instructed the jury to disregard, and denied the motion for a mistrial.
 "A mistrial will not be granted on motion of defendant where the court has sustained his objections to alleged improper argument and excluded it from the jury's consideration, unless it clearly appears that the defendant's rights have been so prejudiced as to render a fair trial a matter of grave doubt."
 Watson v. State, 266 Ala. 41, 44, 93 So.2d 750, 752
(1957).
In ruling on the motion for new trial the trial judge specifically addressed the issue of the prosecutor's comments.
 "THE COURT: Well, it is the judgment of the Court that the arguments that you allude to as being prejudicial in the case were not so and if they were in fact, any error that was committed by the District Attorney was eradicated. I had opportunity to observe the jurors, their studious observance of the evidence and the witnesses, their response to the Court and it was my judgment under the circumstances that they did indeed disregard what they were instructed to disregard and therefore, there was no accumulative effect leading to error."
The arguments of each party are reported in full in the record. Considering the context of each comment, the cumulative effect of all the comments, the action of the trial court and the findings of the trial judge in denying the motion for new trial, we cannot say that the statements in the instant case were so injurious as to deprive the appellant of a fair trial. Indeed, the record reveals that the experienced trial judge faithfully and commendably did his upmost to insure the appellant a fair trial.
We have searched the record and find no reversible error. The verdict is amply supported by the evidence. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.
[1] "We tried to put the witnesses up there, all of them I could vouch for. I won't put convicted criminals on the stand and people that I have to vouch for ____."
* * * * * *
 "All of these kinfolks ___ all of these with kinfolks that told you this story ___ kinfolks ___ his sister-in-law testified up here, didn't she? His sister-in-law. And his wife's uncle was shot and testified for you, his wife's uncle and his own sister-in-law and he must be getting along all right, his wife refused to testify. So the Defendant must be
getting along all right."
* * * * * *
 "If not, as Decatur says, give Sid a license and give all of these nineteen year old boys in a dry county license to come over here. You are paying right now for the clubs in Huntsville, Alabama. They collect taxes and build the Civic Art Center and you just imagine what this trial has cost because the people from the dry Counties coming over here to these clubs ___." *Page 1119