Michael Timothy McArthur, the appellant, was convicted of first degree rape and was sentenced to 15 years' imprisonment. He was also convicted of unlawful imprisonment in the second degree and was sentenced to three months' imprisonment. The victim of each offense was his wife. The appellant raises two issues on this appeal from his convictions.
 I.
The appellant argues that the trial court erred in refusing to grant his motion for a pretrial mental competency examination.
At a hearing held on the merits of that motion, the appellant's mother testified that at the time of the incidents in question, *Page 137 
the appellant was receiving psychological counseling and that he had attempted suicide in the past. It was her opinion that the appellant did not "understand the seriousness of what could happen to him," and did not understand that "he could go to jail for the rest of his life." R. 12. Defense counsel stated that it was his opinion that the appellant was "not . . . competent to make decisions in his own defense." R. 6. The appellant's mother was the only witness to testify at this hearing.
It appears to this Court that the appellant simply failed to demonstrate a reason to doubt his competency to stand trial. "A defendant bears the burden of persuading the court that a doubt exists as to his or her competency." Stewart v. State,562 So.2d 1365, 1368 (Ala.Cr.App. 1989). "Only when the evidence presents sufficient doubt as to a defendant's [competency] is such an investigation mandatory." Gales v. State,338 So.2d 436, 438 (Ala.Cr.App.), cert. denied, 338 So.2d 438 (Ala. 1976). "Moreover, the trial court is in a far better position to determine a defendant's competency to stand trial than is a reviewing court, which relies only of the record." Stewart,562 So.2d at 1369. "The standard of review in this matter is whether the trial court abused its discretion by not requiring further evaluation of appellant's sanity." Blevins v. State,516 So.2d 914, 915 (Ala.Cr.App. 1987).
At trial, the appellant testified in his own defense. That testimony demonstrates that the appellant understood the facts and events involved in the charged offense. On one occasion, defense counsel commented to the appellant, "You have a pretty good memory." R. 355. Based on the record before this Court, we find no abuse of discretion in the trial court's denial of the request for a mental competency examination. See Reese v.State, 549 So.2d 148, 150 (Ala.Cr.App. 1989).
 II.
The appellant contends that the trial court erred in refusing to grant his requests for mistrial based on the alleged misconduct of the prosecutor.
The appellant cites seven instances of alleged misconduct:
1. After the voir dire of the jury venire, defense counsel requested that the entire venire panel be stricken because the prosecutor had indicated that there was an additional case pending against the appellant. R. 14. The prosecutor's remarks do not appear in the record. "It is well established that objectionable remarks should be fully quoted, or substantially so, in an objection to improper argument." Jones v. State,460 So.2d 1382, 1383 (Ala. 1984). Because this was not done, this Court is "without means from which it [can] ascertain any impropriety in the . . . argument." Id.
2. On direct examination by the prosecutor, Russell County Sheriffs Detective Dennis Harrell testified that he knew the victim because she had filed a complaint against the appellant. When asked what he did on that original complaint, he responded, "This original complaint was a child abuse complaint." The trial court sustained defense counsel's objection and thoroughly instructed the jury to disregard both the question and the answer. R. 201. Later, defense counsel requested a mistrial asserting that any instructions from the trial court could not remove the prejudice caused by the detective's comment. Error in the admission of evidence is cured by withdrawing such evidence and by directing the jury to disregard it. State v. Givens, 5 Ala. 747, 755 (1843). "[T]here is a prima facie presumption against error where the trial court immediately charges the jury to disregard improper remarks." Kelley v. State, 405 So.2d 728, 729 (Ala.Cr.App.), cert. denied, 405 So.2d 731 (Ala. 1981).
The witness's nonresponsive comment indicating that the appellant had been charged with child abuse was not so prejudicial in the appellant's trial for the rape and kidnapping of his wife that the trial court's denial of the request for a mistrial constitutes a "clear showing of abuse of discretion." Ex parte Jefferson, 473 So.2d 1110, 1114 (Ala. 1985), cert. denied, *Page 138 479 U.S. 922, 107 S.Ct. 328, 93 L.Ed.2d 300 (1986). See alsoRobinson v. State, 560 So.2d 1130, 1135 (Ala.Cr.App. 1989).
3. On direct examination, the appellant testified that he did not drink alcohol, although it is apparent that the appellant was blaming some of his abusive and violent conduct on the effect of alcohol consumption. R. 434. On cross-examination by the prosecutor, the appellant further indicated that he "normally" did not drink. R. 456. The appellant was then asked whether he had been and admitted to having been convicted of DUI in 1985. R. 456. The trial court sustained the objection of defense counsel. Defense counsel did not request any curative instructions or any other relief in this regard. See R. 480. "An adverse ruling is a preliminary requirement to preservation of error and appellate review. . . . Absent an adverse ruling the issue of the objection is not properly before this court."Van Antwerp v. State, 358 So.2d 782, 790 (Ala.Cr.App.), cert. denied, 358 So.2d 791 (Ala. 1978), overruled on other grounds,Ex parte Marek, 556 So.2d 375 (Ala. 1989).
4, 5, and 6. These three incidents of alleged prosecutorial misconduct are illustrated in the following portion of the record from the prosecutor's cross-examination of the appellant.
 "Q. I see. You don't remember tearing up the Christmas tree, and you don't remember turning the pilot light on, letting the house fill up with gas?
 "MR. FUNDERBURK [defense counsel]: Your Honor, at this point that's argumentative.
"THE COURT: Objection is sustained.
 "Q. You don't remember pulling your .308 rifle out and pointing it at your young child's head?
 "MR. FUNDERBURK: Your Honor, that's the second time —
"THE COURT: Objection is sustained.
 "Q. Do you remember going to this lady's mother's house and breaking in the house when she left you in 1985?
"A. Yes, sir, I do.
 "Q. Broke in her mother's house. And you were arrested for that, weren't you?
"A. Yes, sir.
"MR. FUNDERBURK: Your Honor, we object.
"THE COURT: Objection is sustained.
"MR. FUNDERBURK: We move to exclude it.
 "THE COURT: The motion is granted. Ladies and gentlemen, the last question and the last response is nothing pertaining to this case, so disregard it and it's improper for you to consider it in any form or fashion."
R. 473. Defense counsel then, outside the presence of the jury, "renewed" his motion for a mistrial:
 "The conduct of the District Attorney, he's tried everything in his imagination to prejudice the mind of the jury against this man on superfluous and immaterial matters. It's unconscionable and at this point it would be impossible for the Court, through any instruction, to remove the impact of his cross-examination on matters — on issues which two or three times the Court has sustained objections, and he keeps coming back to it. At this point the seeds of prejudice have been placed, and we move for a mistrial."
R. 474. After argument on the motion for mistrial, the trial court denied the motion. Defense counsel then requested "an instruction on that arrest and break-in situation." R. 481. Defense counsel did not request any curative instructions with regard to prosecutor's questions concerning the incidents involving the Christmas tree, the gas, or the rifle. The trial court carefully and thoroughly instructed the jury to disregard "the last two questions," which involved the burglary and the appellant's arrest, and then polled the jury to ascertain that all the members could follow these instructions. R. 481-82. Defense counsel did not request any further curative action.
"A mistrial will not be granted on motion of defendant where the court has sustained his objections to alleged improper argument and excluded it from the jury's consideration, unless it clearly appears that the defendant's rights have been so prejudiced as to render a fair trial a matter of grave doubt."Watson v. State, 266 Ala. 41, *Page 139 
44, 93 So.2d 750, 752 (1957). "Improper argument of counsel is not grounds for a new trial when the defendant's objections are sustained and no curative instruction is sought. SeeAlabama Power Co. v. Henderson, 342 So.2d 323, 327 (Ala. 197[6]). An exception would be where counsel's remarks were so grossly improper and highly prejudicial as to be beyond corrective action by the trial court." Ex parte Brooks,562 So.2d 604, 605 (Ala. 1990).
With regard to the Christmas tree, example 4, on earlier cross-examination by the prosecutor, the appellant had testified without objection that he did not remember if he "destroy[ed] the Christmas tree once in front of the children," and that he did not remember "turn[ing] the gas light on in the house with the children in the house and refus[ing] to let [his wife] turn it off or move the children." R. 471-72. When the prosecutor asked this question a second time, as quoted in the above excerpt from the transcript, the trial court sustained the objection. Because there was no adverse ruling, there is nothing for this Court to review. Van Antwerp,358 So.2d at 790.
Furthermore, the victim, the appellant's wife, testified without objection on redirect examination during the State's case-in-chief that the appellant "turned on the gas stove in the house. Wesley and Derrick [the two children of the appellant and the victim] were asleep in the bedroom. We got into a fight in the living room — the gas was continuously running in the house. He told me that we were all going to die; that I was going to die and that he didn't care if the kids died or whatever." R. 181.
The appellant's request for a mistrial based on the conduct of the district attorney's cross-examination of the appellant in this regard was properly denied because the appellant had initially permitted this testimony to be elicited without objection.
With regard to the fifth allegation of prosecutorial misconduct, on earlier cross-examination by the prosecutor, the appellant denied that he "pointed [his] .308 rifle at [his son's] head and said, I'll blow his f'n head off." The trial court's sustained defense counsel's objection. R. 459. The incident of prosecutorial misconduct identified as "[5]" in the above quoted material from the transcript constitutes the second time the prosecutor asked about and the trial court sustained defense counsel's objection to the matter involving the appellant's pointing a rifle at his child's head. While there was no direct testimony admitted into evidence that the appellant had physically abused his children, there was testimony that the victim had been in a "shelter"; there was at least the inference that she was a "battered wife"; and there was evidence that the appellant had been physically violent and destructive on past occasions. Additionally, letters written by the appellant to the victim were admitted into evidence without objection. Those letters were written after the victim and her children had moved from a shelter for battered women after having left the appellant. In one of those letters, the appellant states:
 "I have come to accept what I done to you and the boys, and I know that I can't take any of it back. But I can learn from my mistakes. I have done a lot of things that I am not proud off. Things in which you or the kids will never forget. I am sorry I put you, Wesley, Derrick, and David through the hell of living with me the way I was. This is why I can't blame you for having me put in jail. . . .
 ". . . I could never hurt them on purpose. I know that I should have never turned my anger with you on them. At the time I wasn't thinking too clear about what I was doing. I know that it should never have never happened in the first place. I am not sure what I was thinking at the time I was picking on them because they never did anything to deserve what I was doing to them."
R. 649-50.
The appellant did not request a mistrial specifically on the basis of the particular conduct involving the rifle. As indicated above, defense counsel did not request any curative instructions on this matter. *Page 140 
Review convinces this Court that the trial court did not abuse its discretion in denying the motions for mistrial.
 "[E]ven a prosecutor's repeated references to evidence ruled inadmissible may not constitute reversible error if the trial court takes sufficient curative action. . . . " 'Generally, timely corrective action by the [trial] court . . . is sufficient to cure the error resulting from improper conduct or remarks of counsel, unless such conduct or remarks are so prejudicial that they are obviously not cured, or unless the court's action is insufficient for such purpose." ' "
Crook v. State, 469 So.2d 690, 695 (Ala.Cr.App. 1985).
 " 'It should be noted initially that "[t]he grant or denial of a mistrial is a matter within the sound discretion of the trial court and will only be disturbed upon a showing of manifest abuse." . . . "The entry of a mistrial is not lightly to be undertaken. It should be only a last resort, as in cases of otherwise ineradicable prejudice. Where error is eradicable a mistrial is too drastic and is properly denied. . . ." '
". . . .
 " '. . . In determining whether an accused was prejudiced by prosecutorial misconduct, this court "must ordinarily give great deference to the [trial] judge's handling of the alleged misconduct.' "
Brasher v. State, 555 So.2d 184, 191-192 (Ala.Cr.App. 1988), affirmed, 555 So.2d 192 (Ala. 1989). "A trial judge is in the best position to determine whether the prejudicial effects of an improper question can be eradicated by instructions to the jury. His determination of this matter should be accorded great deference." Ringer v. State, 489 So.2d 646, 650 (Ala.Cr.App. 1986).
Despite the appellant's testimony that the sexual intercourse was consensual, there is abundant and forceful evidence that the appellant raped his wife on three different occasions. Although the appellant was indicted for kidnapping in the first degree, the jury convicted him of the lesser included offense of unlawful imprisonment in the second degree. "Where, as here, the jury returns a verdict for a lesser offense than that charged in the indictment even though the evidence is clearly sufficient to support the alleged offense, there is strong indication that a prosecutor's remarks checked by timely court instructions had no effect harmful to the appellant."Harris v. State, 398 So.2d 381, 384 (Ala.Cr.App.), cert. denied, 398 So.2d 385 (Ala. 1981).
Because the trial court sustained the objections of defense counsel and instructed the jury to disregard, and because some of the objected-to evidence had already been presented to the jury without objection, we find that the trial court did not abuse its discretion in denying the appellant's motions for mistrial based on the alleged misconduct of the prosecutor.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.