The appellant, Michael Timothy McArthur, was convicted of rape in the first degree and of unlawful imprisonment in the second degree. He was sentenced to 15 years' imprisonment. The appellant's conviction was affirmed on direct appeal inMcArthur v. State, 591 So.2d 135 (Ala.Cr.App. 1991), cert. denied, 601 So.2d 218 (Ala. 1992).
The appellant then collaterally attacked his conviction in a petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P., which the circuit court denied. This appeal is from the denial of that petition.
 I
The appellant's arguments on appeal are based on Batson v.Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). InBatson, the United States Supreme Court held that the Equal Protection Clause prohibits the removal of blacks from a black defendant's jury solely on the basis of their race. At the time of the appellant's trial in December 1990, Batson had not been extended to include white defendants and thus was not applicable to the appellant, who is white. See Mathis v. State,594 So.2d 690 (Ala.Cr.App. 1991), and Bird v. State,594 So.2d 644 (Ala.Cr.App. 1990).
Shortly after the appellant's trial, the United States Supreme Court extended its decision in Batson to apply also to white defendants. Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364,113 L.Ed.2d 411 (1991). When Powers was decided, the appellant's case was pending on direct appeal. In Ex parteMathis, 594 So.2d 692 (Ala. 1991), the Alabama Supreme Court held that Powers applied retroactively to cases pending on direct appeal when Powers was decided. Therefore, Batson is applicable to the appellant's case.
The appellant, however, did not present this issue on direct appeal. Furthermore, even if the appellant had presented this issue on direct appeal, the appellant did not preserve the issue at trial by objecting to the state's use of its peremptory strikes. "In all but capital cases, evenBatson objections must be properly preserved by appropriate and timely objections before an appellate court will review the action." Macon v. State, 652 So.2d 331, 333 (Ala.Cr.App. 1994), citing, Ross v. State, 581 So.2d 495, 497 (Ala. 1991). If an issue has not been presented to the trial court or on direct appeal, it is precluded from review in a petition for post-conviction relief. Rules 32.2(a)(3) and (5), Ala.R.Crim.P. The appellant's Batson issue, therefore, is precluded from review.
 II
The appellant argues, in the alternative, that if hisBatson claim was not preserved for review, the performance of his trial counsel was deficient because he did not make aBatson objection. As stated previously, at the time of the appellant's trial, Batson was not applicable in the appellant's case because the appellant was white. It was not until the United States Supreme Court decided Powers that Batson became applicable to white defendants.
The appellant's trial counsel did not render the appellant ineffective assistance by not making an objection that was not supported by law at the time the motion should have been made. This court has, on many occasions, refused to hold that counsel's performance was ineffective for failing to forecast changes in the law. See State v. Tarver, 629 So.2d 14
(Ala.Cr.App. 1993); Duren v. State, 590 So.2d 360
(Ala.Cr.App. 1990), aff'd, 590 So.2d 369 (Ala. 1991), cert. denied, 503 U.S. 974, 112 S.Ct. 1594, 118 L.Ed.2d 310 (1992);James v. State, 564 So.2d 1002 (Ala.Cr.App. 1989); Morrison v.State, 551 So.2d 435 *Page 784 
(Ala.Cr.App. 1989), cert. denied, 495 U.S. 911, 110 S.Ct. 1938,109 L.Ed.2d 301, reh'g denied, 496 U.S. 932, 110 S.Ct. 2634,110 L.Ed.2d 654 (1990).
Furthermore, the appellant's trial counsel testified at the hearing on the appellant's petition for post-conviction relief, "[E]ven today, with that particular jury, I thought he had a good jury. I don't think I would have made that objection, even today." In fact, the jury acquitted the appellant of two counts of rape and found him guilty of the lesser included offense of unlawful imprisonment rather than kidnapping as charged.
 III
In a supplemental brief, the appellant argues that the state violated J.E.B.v. Alabama, ___ U.S. ___, 114 S.Ct. 1419,128 L.Ed.2d 89 (1994), by using all its peremptory strikes to remove males from his jury. "Like Batson v. Kentucky, upon which it is predicated, the holding of J.E.B. will apply to all cases that are pending on direct appeal and that were not 'final' at the time J.E.B. was decided." Allen v. State, [Ms. CR-92-1463, May 27, 1994] ___ So.2d ___, ___ (Ala.Cr.App. 1994).
This court affirmed the appellant's conviction on direct appeal in 1991, and the Alabama Supreme Court denied the appellant's petition for certiorari review in 1992. Therefore,J.E.B., which was decided in 1994, is not applicable to the appellant's case.
For the foregoing reasons, we hold that the court correctly denied the appellant's petition for post-conviction relief. The court's denial of the appellant's petition is due to be affirmed.
AFFIRMED.
All the Judges concur except BOWEN, P.J., who concurs in result only.