I concur with the majority's affiance of Steven Ray Sparks's conviction for running a stop sign. I concur in the result reached by the majority in reversing Sparks's conviction for driving under the influence ("DUI"). The prosecutor asked Sparks about a prior DUI conviction during Sparks's trial for the current DUI offense. I write separately to explain that a mistrial is not necessarily required in every DUI case in which a prosecutor inquires about a prior offense, but only in those cases where the particular facts indicate an egregious prejudice to the defendant.
After the prosecutor asked Sparks about a prior misdemeanor DUI charge to which Sparks had pleaded guilty, Sparks's counsel objected. The trial court properly sustained the objection. The trial court also instructed the jury to disregard the prosecutor's question. Sparks moved for a mistrial, claiming *Page 117 
he had been unfairly prejudiced by the impact of the prosecutor's question on his defense. The trial court denied that motion.
A mistrial is an extreme measure that should be taken only when the prejudice cannot be eradicated by instructions or other curative actions of the trial court. Nix v. State,370 So.2d 1115, 1117 (Ala.Crim.App.), cert. denied, 370 So.2d 1119 (Ala. 1979). If an error can be effectively cured by an instruction, a mistrial is too drastic a remedy and is properly denied Thompsonv. State, 503 So.2d 871, 877 (Ala.Crim.App. 1986). "[T]he grant or denial of a . . . mistrial is a matter within the sound discretion of the trial court [and] will only be disturbed upon a showing of manifest abuse. . . ." Durden v State,394 So.2d 967, 972 (Ala.Crim.App. 1980), writ quashed, 394 So.2d 977 (Ala. 1981).
Although generally a trial court's immediate instruction to the jury to disregard an improper prosecutorial question will cure any potential prejudice, Thompson v. State, 503 So.2d at 877, the question objected to in this case was so prejudicial that the prejudice could not be erased by an instruction. The linchpin of Sparks's defense to the DUI charge was his assertion that his appearing to be under the influence of alcohol was caused by factors other than intoxication. Sparks testified on direct examination that he failed several field sobriety tests because of physical problems with his knees and because the headlights of the patrol car made it difficult for him to see. Sparks also attributed his appearance of intoxication to a lisp and to sunburn. On cross-examination, the prosecutor effectively, dispensed with Sparks's DUI defense by asking about Sparks's prior DUI conviction. This question unmistakably impressed upon the minds of the jurors that Sparks's assertion that he had not been intoxicated was not credible.[3] Under these particular circumstances, a mere curative instruction could not effectively eliminate the prejudice to Sparks. Thus, the trial court abused its discretion when it denied Sparks's motion for a mistrial.Durden 394 So.2d at 972; Nix, 370 So.2d at 1117.
[3] Rule 609, Ala R. Evid., governs the impeachment of a witness by evidence of the witness's prior criminal convictions. Rule 609 states in pertinent part:
 "(a) General Rule. For the purpose of attacking the credibility of a witness,
 "(1)(A) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law which the witness was convicted, and
 "(1)(B) evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
 "(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment."
(Emphasis added.) thus, Rule 609 limits impeachment concerning prior criminal convictions to evidence of crimes that either were felonies when they were committed or involved dishonesty or false statements. Because Sparks's prior DUI conviction was a misdemeanor and did not involve either dishonesty or false statements, the prosecutor's question was clearly improper.