## HOLLINGER v. SMITH.

1. When charges are requested and refused by the Court, and no evidence is stated in the bill of exceptions, connecting the charges with the case, they will be deemed abstract, and their correctness will not be reviewed.

2. The act for the relief of tenants in possession against dormant titles, [Dig. 652,] gives a cumulative remedy, and does not repeal the common law rule ; therefore when the defendant in an action of trespass to try titles, is in possession, under color of title, and is not a mere trespassor, he is entitled to set off the value of the permanent improvements against the value of the use and occupation.

3. A plaintiff who recovers an erroneous judgment, cannot avoid the consequences of the error, by entering a release in this Court of the damages, in the ascertainment of which the error arose, and leave judgment for the land recovered.

WRIT of Error to the Circuit Court of Clark county,

Action of trespass to try title. Pleas—not guilty and *liberum tenementum.* Verdict and judgment for the plaintiff.

In the course of the trial the defendant gave in evidence, a document emanating from the General Land Office, in these words :

*General Land Office, April 12th,* 1820.

I certify that in pursuance of an act of Congress passed on the 3d March, 1817, entitled an act making provision for the location of the lands reserved by the first article of the treaty of the 9th August, 1814, between the United States and the Creek Nation, to certain Chiefs and Warriors of that Nation, and for other purposes, the Secretary of the Treasury has confirmed the claim of Peter Randon, being No. 22, and that the said Peter Randon is entitled to occupy the following lands, agreeably to the provisions of said act, viz: two fractions of section thirty-three, of township six and range five, on each side of the Alabama river, in the State of Alabama, and the district of Cahawba.

In testimony whereof I have hereunto subscribed my name, and caused to be affixed the seal of this office, at the city of Washington, this 12th day of May, 1820. JOSIAH MEIGS,

(SEAL, &c.) *Commissioner of the Gen'l Land Office.*

The defendant also proved that he held under claim of title, derived from said Peter Randon.

No other evidence is stated in the bill of exceptions, nor does it otherwise appear what title was set up by either party to the lands in controversy.

The defendant requested the Court to charge the jury—

1. That the act of Congress of 1817, entitled, &c. does not provide for the reversion of the lands. That the United States have the right to grant lands by law, and in this case did grant the land in question, by the act of 1817, without imposing or insisting on the limitations and restrictions contained in the treaty of 9th August, 1814.

2. That under the said act it was necessary that some act should have been done by the United States to ascertain the fact of abandonment, before they would have the right to make a new grant.

3. That in arriving at the measure of damages, the jury should consider the permanent improvements proved to have been made by the defendant, upon the premises sued for, he holding according to the proof, under color of title.

4. That if the plaintiff laid his float upon the land with a knowledge that the persons then in possession, held under a grant from the United States, and held adversely to the United States and all the world, then his laying such float was fraudulent and void, although he might have believed the grant under which those then in possession held, was not a perfect one, and that the conditions of the grant had failed.

These charges were severally refused. The Court charged the jury that the plaintiff was entitled to recover as damages the value of the rents as proved, without regard to any improvements made by the defendant, the latter having made no suggestion before the trial under the statute.

The defendant excepted to the refusals to give the charges requested and to the charge given, and now assigns the same as matters of error.

PECK, for the plaintiff in error.
DARGAN and PEARSON, contra.

GOLDTHWAITE, J.—This case was argued chiefly upon its supposed connection with the treaty made with the Creek Indians, in 1814, and the act of. Congress of the 3d March, 1817, by which the United States complied with their engagements to the Indians, as stipulated in the first article of the treaty.

The treaty contemplates no other reservations of land than to the Chiefs and Warriors of the tribe, and then only upon the condition that they and their descendants shall continue to occupy the reservations. The act goes much beyond the treaty, and after providing for the reservations of land by the Chiefs and Warriors, permits these lands to descend to the heirs in fee simple whenever the ancestor continues in the occupation until the term of his death. It also provides for three other distinct classes of reservations to the children or descendants of those who were killed in the service of the United States, or who have died since the treaty, or who are the heads of families, but not Chiefs or Warriors. In one or more of these classes the title provided for is a fee simple.

The mere inspection of the certificate which the defendant gave in evidence does not enable us to determine to which class the reservation belongs under the act of Congress, and all the charges requested with reference to the title itself must be considered as abstract, because no evidence is disclosed as having been before the jury from which any conclusion can be drawn of the incorrectness of the instructions.

In this condition of the case we have no means to ascertain what was the title of either party, and consequently no revision can now be had of the charges so far as they seem to affect the title.

2. But the affirmative charge with respect to the improvements made by the defendant, and his right to have them considered in the ascertainment of the damages to be recovered against him, enables us to review this point in the case, although the evidence is not set out with that precision which is always desirable. It is evident from what is stated in the bill of exceptions, that the defendant was not a mere trespasser, but that he held under Randon, by some claim of title derived from him; and in the third request for a particular charge it is said permanent improvements were proved to have been made.

47

by the defendant, he holding under color of title. The Circuit Court excluded all consideration of these improvements from the jury, and instructed them that the plaintiff was entitled to recover the value of the rents proved, inasmuch as the defendant had made no suggestion of such improvements before the trial. This charge assumes to be predicated on the act of 1836, [Digest, 652,] which provides, that in any suit thereafter to be commenced, for the possession of lands or tenements, it shall be lawful for the defendant, at any time before the trial of such suit, to suggest to the Court, that he and those persons whose estate he has in the lands or tenements sued for, have had adverse possession of the same for three years next before the commencement of such suit, and that he and those persons whose estate he has, have made permanent and valuable improvements on the lands sued for, during the time he and they have had adverse possession of the same.

The act then proceeds to declare that the value of these improvements shall be set off against the value of the use and occupation, and if they are greater, no writ of possession shall issue for one year, unless the excess shall be paid into Court for the defendant.

This enactment provides a cumulative remedy, and does not take away any rights which defendants had by the common law to set off the value of improvements, in mitigation of the damages in an action of trespass for mesne profits. That action has always been considered as governed by equitable rules, and when the owner of land has been benefitted by permanent improvements, adding to its value, there is no reason why he should also be compensated in damages, especially when the action is against one who is in under color of title, and is not a mere trespasser. The law was so held in the case of Jackson v. Loomis, [4 Cowen, 168,] and it seems to be applicable to the case now under consideration, as it is clear that this defendant was not a mere trespasser. The Circuit Court certainly erred in considering the statute as taking away the right of the defendant to give evidence of permanent improvements of the land in mitigation of damages, and in ruling that the jury could not consider such improvements in ascertaining the sum to be awarded to the plaintiff as damages, and for this the judgment must be reversed.

The defendant in error has offered to remit his damages for the purpose of avoiding another trial, but we think this cannot be done, as our jurisdiction over the case ceases with its reversal, and we are not invested with the discretionary power to allow of such amendment. When the judgment is reversed there is nothing for such a release to operate upon, because the judgment is declared null. The release cannot be entered before the reversal, for the reason that no such power is vested in this Court, and by such a course the parties in a great number of cases would avoid the consequences of erroneous proceedings, to the prejudice of those against whom they were committed.

Judgment reversed and remanded.