(87 South. 355)

**HEADLEY et al. v. McCALL.  (5 Div. 762.)**

(Supreme Court of Alabama. Dec. 16, 1920.)

1. **Appeal and error** ⬉265(3)—**Exception unnecessary to review finding of fact by court without jury.**

   Under Gen. Acts 1915, p. 824, no exception is necessary to effect the right to review on appeal a finding of fact by the court trying a civil case without a jury, and there is no inconsistency between this statute and Gen. Acts 1915, pp. 939–941.

2. **Appeal and error** ⬉501(3)—**Record must disclose exceptions to rulings on evidence.**

   Where the bill of exceptions fails to disclose exceptions reserved to rulings on evidence adverse to appellant, the rulings cannot be reviewed.

3. **Appeal and error** ⬉1033(9)—**Judgment against defendant in ejectment for less area than sued for harmless.**

   Defendant in ejectment cannot complain that judgment was rendered against him for a less area than sued for.

4. **Deeds** ⬉42—**Defective description held to convey title to part will described.**

   A deed, describing land as "149 yards and 15 square in northwest corner of east half of southeast quarter" of a certain section, was valid in respect of a description of an area 149 yards square in the corner designated, ir-

respective of whether the figure "15" in the description should be given effect as referring to inches.

**5. Ejectment ☞150—General judgment for plaintiff denied defendant's right to benefit of value of improvements.**

Where defendant in ejectment filed a suggestion claiming the value of permanent improvements, a general judgment for plaintiff necessarily carried a denial of defendant's right to have the benefit of the value of the improvements.

**6. Evidence ☞568(4)—Opinion evidence as to rental value not absolutely binding on court.**

In ejectment, the opinion evidence of witnesses testifying to the rental value of the premises was not absolutely binding on the court trying the case without a jury.

**7. Appeal and error ☞173(11), 932(1)—Claims must be made in trial court; presumptions indulged to support judgment.**

Where appellant, defendant in ejectment, did not seek on the trial to obtain the benefit of the common-law rule that one in possession, under claim of right, characterized by good faith, may offset the value of permanent improvements against plaintiff's demand for rents, etc., he could not, on appeal, complain because no such offset was made; and, in support of the judgment, evidence offered of the character and value of defendant's permanent improvements claimed by him would be referred to his suggestion, under Code 1907, § 3846, claiming the value of permanent improvements.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

Ejectment by William McCall against John Jones, tenant, with G. J. Headley brought in as landlord. Judgment for plaintiff, and defendants appeal. Affirmed.

J. B. Atkinson, of Clanton, and F. B. Collier, of Yreka, Cal., for appellants.

At common law, irrespective of the statute, the value of permanent improvements may be set off against damages for rent or detention. 4 Ala. 367; 88 Ala. 346, 6 South. 698. The value of the wood cut was not claimed in the complaint, and hence could not be shown. 1 Ala. App. 649, 56 South. 110; 188 Ala. 599, 65 South. 987. Where the judgment did not approximate any conclusion possible under the evidence, it is founded in error. 200 Ala. 190, 75 South. 938. The deed was improperly admitted, as being void for uncertainty. 173 Ala. 516, 55 South. 997; 175 Ala. 408, 57 South. 832; 189 Ala. 314, 66 South. 677. The defendant was entitled to the value of his improvements. Sections 3846–3849, Code 1907; 2 C. J. 75.

A. C. Smith, of Clanton, for appellee.

There is nothing presented for review. Acts 1915, 940; 142 Ala. 53, 39 South. 58.

McCLELLAN, J. Ejectment, instituted by appellee against appellant. Judgment for plaintiff on trial without jury.

[1] Under the provisions of the act approved September 25, 1915 (Gen. Acts, p. 824) no exception is necessary to effect the right to review on appeal the finding of fact by the court trying a civil case without jury. There is no inconsistency between the mentioned provisions and any provision of the act approved September 28, 1915 (Acts, pp. 939–41).

[2] The failure of the bill of exceptions to disclose exceptions reserved to rulings on evidence adverse to the appellant (defendant) forbids any review of such matters. 1 Mich. Ala. Dig. pp. 363, 364. This failure of the bill of exceptions renders unavailable nearly all of the questions argued in brief for appellant. We consider and treat those remaining.

[3] Count 4, added by amendment to the complaint, was not subject to the criticisms taken by the fourth and fifth grounds of the demurrer. In respect of description of the land sued for, count 4 but perfected that feature of the plaintiff's case. There is no merit, of course, in the appellant's present complaint that judgment was rendered against him for a "less" area than was sued for.

[4] The deed of date January 11, 1901, from Foshee to plaintiff, described the land as follows:

"149 yards and 15 square in Northwest corner of east half of southeast quarter (E. ½ of S. E. ¼ of section twelve (12) township twenty-one (21) range fourteen (14)."

The complaint interpreted the figures "15," appearing in the description just quoted, as referring to inches. Judgment was, however, only entered for an area "149 yards square" in the corner of the call specified in the pleading and deed, thus omitting any effect to the "15" feature of the description in both deed and complaint. Undoubtedly the description in the deed called for a square, in the corner, and, omitting any operation to the "15" feature, the deed was valid and effective in respect of a description of an area 149 yards square in the corner designated. Tatum v. Tatum, 81 Ala. 388, 390, 1 South. 195. Hence, the judgment accords with the unequivocally valid effect of the deed's description. The denial of any operation to the descriptive expression "15" (the description of the property conveyed being efficient to the extent indicated) is not a cause of complaint by this appellant, defendant, and afforded no ground for ignoring the deed as an element supporting plaintiff's case. Whether this practical elimination of the figures "15" in the deed was, in legal contemplation, soundly done, is a question not decided.

[5, 6] Whether the defendant, appellant, had had "three years' adverse possession" of

the premises—as asserted in the suggestion filed by defendant claiming the value of permanent improvements (Code, § 3846; Kerr v. Nicholas, 88 Ala. 346, 351, 6 South. 698)—was a controverted issue in the evidence heard and taken by the court trying the case without jury. It cannot be affirmed that the conclusion prevailing with the court on this issue was opposed to the weight of the evidence, the court's general judgment carrying, necessarily, a denial of defendant's right to have the benefit of the value of the permanent improvements he asserted in the suggestion filed. There was claim in the complaint and evidence justifying the awarding of damages for "detention," for use and occupation. The opinion evidence of the witnesses testifying to the rental value was not absolutely binding on the court. Andrews v. Frierson, 144 Ala. 470, 476, et seq., 39 South. 512. The case of Holcombe v. Reynolds, 200 Ala. 190, 75 South. 938, involved matters of actually ascertainable value, the amount of a debt. Its doctrine is without application in the circumstances disclosed by this record.

[7] It is insisted in brief for appellant that the award of damages ($75) affects the judgment with error in consequence of the common-law rule (stated in Hollinger v. Smith, 4 Ala. 367; Jackson v. Loomis, 4 Cow. [N. Y.] 168, 15 Am. Dec. 347; Kerr v. Nicholas, 88 Ala. 346, 351, 352, 6 South. 698) that, independent of the statutes (Code, §§ 3846–3849, 3850), one in possession, under claim of right, characterized by good faith, may offset the value of permanent improvements against the plaintiff's demand for rents, etc. It not appearing that the benefit of the application of this common-law rule was sought or asserted on the trial below, it cannot avail the appellant defendant here. The evidence of the character and value of the permanent improvements claimed by defendant must be referred to the suggestion filed by him in virtue of Code, §§ 3846–3849. The benefit of the principle this appellant would invoke in this connection was sought in Hollinger v. Smith, supra, in the trial court. See, particularly, requested (though refused) instruction 3 in that case, and the recital of the instruction given by the court.

No prejudicial error being shown, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.