Defendants, Jim Walter Homes, Inc., Lewis J. Hill, and Judy Hill, appeal from a judgment entered on a jury verdict in favor of the plaintiff in a statutory action in the nature of ejectment. Code 1975, § 6-6-280. Cape Coral Bank, as administrator of the estate of James I. Holman, deceased, was substituted for the plaintiff James I. Holman after his death during pendency of this action. Plaintiff complained that Jim Walter Homes, Inc. had constructed a house for Lewis J. and Judy Hill and they had lived in it upon land belonging to James I. Holman. Defendants admitted they were in possession of Holman's land but alleged the possession was adverse and had been for three years next before commencement of plaintiff's action and further they had made permanent improvements upon the property, the value of which greatly exceeded the value of the use and occupation of the land, and even of the land itself. They went on to allege that the improvements were susceptible of removal without damaging or injuring the real property and had been made in good faith and in a bona fide
belief they had the right to make them and to receive payment for them. Further, that all had been done as the result of an excusable mistake of fact and it would constitute unjust enrichment to allow plaintiff to receive the beneficial ownership of the improvements. They went on to pray, in their answers, that as equitable relief, should it be determined that the real property belonged to plaintiff, they be allowed to remove the improvements from it. This defense was a partial effort of defendants to avail themselves of the benefits provided by Code 1975, § 6-6-286. After trial, the jury found the assertion of adverse possession to be false; that plaintiff was entitled to recover possession of the land, but awarded no damages.
The only issue on this appeal is whether the jury's finding that defendants had not adversely possessed the lands for the requisite three years required by § 6-6-286 was against the preponderance of the evidence.
The evidence shows that on 21 February 1973 Lewis Hill and Judy Hill purchased one acre of land in Winston County, Alabama, from Tillman Treece and Eva Mae Treece. The one acre tract was described as being 70 yards long and 70 yards wide and located in the NW corner of the SW 1/4 of NW 1/4 of Section 25, Township 10S, Range 8W. The remainder of the SW 1/4 of NW 1/4 was owned by James I. Holman and he also owned the adjoining E 1/2 of SE 1/4 of NE 1/4 of Section 26, Township 10S, R8W. The sketch in attachment A shows the location of the land occupied by the Hills relative to the location of that which they bought from the Treeces.
In midsummer of 1973, Eli Pruit, a neighbor of the Hills, told Mr. Hill that their mobile home was on the wrong parcel of land; nevertheless, the Hills remained on the property. On 8 October 1975 the Hills contracted with Jim Walter for the construction of a home. Jim Walter took a mortgage from the Hills on the property (parcel B on the attached sketch) the Hills purchased from the Treeces to secure the purchase price of the home. Jim Walter built the house on the property of James I. Holman near the Hills' mobile home (parcel A in the attached sketch). The Hills moved from their mobile home into the house in late October or early November 1975. Mr. Holman asked them to move off of his property in late November or early December of 1975 but they continued to live there until after he filed suit against them on 11 June 1976. *Page 947 
Records of the tax assessor showed the one acre parcel the Hills purchased from the Treeces (parcel B in the attached sketch) was assessed for ad valorem taxes in the Hills' names but the parcel upon which their mobile home and house were located (parcel A in the attached sketch) had never been assessed in their names.
Defendants' answer was substantially based upon Code 1975, §6-6-286:
 (a) When an action is commenced to recover land or the possession thereof, the defendant may, at any time before the trial, suggest upon the record that he, and those whose possession he has, have, for three years next before the commencement of the action, had adverse possession thereof, which must be construed to mean the same character of possession as will put in operation the statute of limitations. In such case, if the jury finds for the plaintiff, it must also ascertain by its verdict whether such suggestion is true or false. If the jury finds it to be false, it must return a verdict for the damages as in ordinary cases. If the jury finds it to be true, it must assess the value, at the time of trial, of the permanent improvements made by the defendant, or those whose estate he has, and also ascertain by its verdict the value of the lands and of the use and occupation thereof, not including the increased value by reason of such improvements.
 (b) If the value of the use and occupation as assessed exceeds the value of the permanent improvements made, judgment must be entered against the defendant for the excess. If the value of the improvements exceeds the value of the use and occupation, no writ of possession shall issue for one year after the entry of the judgment unless the plaintiff or his legal representative pays the defendant, or deposits with the clerk for him, the excess of the assessed value of the improvements over the value of the use and occupation. If the plaintiff or his legal representative neglects for the term of one year to pay such excess, and the defendant or his legal representative within three months after the expiration of the year pays to the plaintiff, or to the clerk for him, the value of the land and of the use and occupation thereof as assessed by the jury, the plaintiff is forever barred from his writ of possession and from commencing any action whatever against the defendant, his heirs or assigns to recover such land or the possession thereof.
A suggestion offered by a defendant under that section constitutes a defense in the nature of a counterclaim for the value of permanent improvements, and carries with it the burden to prove every fact necessary to support that claim. Kerret v.Nicholas, 88 Ala. 346, 6 So. 698 (1889). The defendants' burden is to prove three years of adverse possession of the same character that would put into operation the statute of limitations prior to the commencement of the action for ejectment. To meet the burden the defendants must prove their possession was actual, hostile, open, notorious, exclusive and continuous for the three year period. Jemison v. Belcher,368 So.2d 849 (Ala. 1979); Cameron v. Union Hill Baptist Church,350 So.2d 314 (Ala. 1977). Such possession must be in good faith and under color of title. Pickett v. Doe, ex dem. Pope,74 Ala. 122 (1883); New Orleans S.R. Co. v. Jones, 68 Ala. 48
(1880); Lamar v. Minter, 13 Ala. 31 (1848). The absence of evidence that defendants had a deed to the property, subject of this suit, and the absence of evidence that they paid ad valorem taxes on the property, for which plaintiff sued to recover possession, is sufficient to substantiate a jury's finding that defendants did not hold the property under color of title. The testimony that the Hills had been told they were on the wrong property would support a jury's finding that there was a lack of good faith in their continued possession of the property. However, the most damaging evidence to the Hills' case was Mrs. Hill's testimony to the effect that she and her husband really never claimed to own the acre where the house was located.
The question of adverse possession is one properly determined by the trier of facts. *Page 948 English v. Brantley, 361 So.2d 549 (Ala. 1978). The jury found for the plaintiff and the trial court refused to grant a new trial on the basis that the verdict was supported by the evidence.
. . . Jury verdicts are presumed to be correct and no ground for granting a new trial will be more carefully scrutinized or more rigidly limited than that the verdict is contrary to the weight of the evidence. . . . This presumption, as to the correctness of jury verdicts, is strengthened when the trial judge refuses to grant a motion for new trial. . . . And on appeal, this court will not reverse a trial court's refusal to grant a new trial on the ground of insufficiency of evidence unless, after allowing all reasonable presumptions of correctness, the preponderance of evidence against the verdict is so decided as to clearly convince the court that it is wrong. . . . [Citations omitted.]
Merchants Bank v. Cotton, 289 Ala. 606, 269 So.2d 875 (1972).
Under the evidence in this case the jury was authorized to reach the verdict it did and therefore that verdict is not against the preponderance of the evidence and the judgment entered thereupon is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.
[EDITORS' NOTE: SKETCH IS ELECTRONICALLY NON-TRANSFERRABLE.] *Page 949