ROBERTSON, Presiding Judge.
This is an appeal from the trial court’s granting of a summary judgment.
Evangelene Alford Smith filed an ejectment action against Rosetta Meadows. Smith alleged that she is the legal owner of the property which is the subject of this action, and that Meadows had unlawfully entered the property. Smith then filed a motion for summary judgment, along with numerous items of supporting evidence. After reviewing the evidence, the trial court entered a detailed and comprehensive order, granting Smith’s motion.
The • trial court specifically found that Smith was the undisputed owner of the property in question and that Meadows was a trespasser. Further, it held that any improvements made by Meadows to the property were made as a volunteer, and that Meadows was not entitled to any reimbursement whether by set-off or claim against Smith for the value of any improvements. Also, the trial court found that Smith was entitled to damages resulting from the illegal entry onto her property by Meadows, and by Meadows’s subsequently retaining the rent for her own use and benefit. The trial court concluded that Smith was entitled to immediate possession *907 of the property, as well as total damages of $8,964 from Meadows. Meadows now appeals.
Meadows’s first contention on appeal is that the trial court erred in the relief granted because she says that such relief was not prayed for in the complaint. Meadows contends that Smith did not allege in her complaint, or in her motion for summary judgment, certain facts which she says are crucial to an ejectment action. We disagree.
Section 6-6-280, Ala.Code 1975, contains the elements which must be pleaded in an action of ejectment. This section in pertinent part states:
“[T]he complaint is sufficient if it alleges that the plaintiff was possessed of the premises or has the legal title thereto, properly designating or describing them, and that the defendant entered thereupon and unlawfully withholds and detains the same.... The plaintiff may recover in this action mesne profits and damages for waste or any other injury to the lands, as the plaintiff’s interests in the lands entitled him to recover, to be computed up to the time of the verdict.”
We have reviewed the complaint filed in this case and find that it has met the criteria of the above provision. It designated the property in question and averred that Smith was the legal owner of such property. Further, it stated that Meadows had entered the property illegally.
Next, Meadows contends that the trial court erred in its judgment and makes numerous arguments in support thereof. We have reviewed the issues raised in her brief and find the dispositive issue to be whether the trial court erred in granting Smith’s motion for summary judgment.
After the movant has made a prima facie showing that he is entitled to a judgment as a matter of law, the opposing party must show by admissible evidence that there is a genuine issue of material fact which would require a resolution by a fact finder. Horner v. First National Bank of Mobile, 473 So.2d 1025 (Ala.1985). It is not enough that the opposing party merely disputes or refutes an immaterial fact, nor is it enough that inadmissible evidence is advanced to contravene that of the movant. Horner.
Here, the movant, Smith, detailed the process by which she acquired legal title to the property and attached her affidavit and supporting exhibits. The trial court reviewed this evidence and set out in detail exactly how Smith obtained title to the property. The trial court order in part states:
“This court therefore concludes from the evidence, which cannot be disputed, that Rosetta Small Meadows had no interest, legal or equitable, in the subject property at the time when she made the decision to enter into possession of the property. She did not have color of title. Therefore, her entry was a trespass against the right and title of Smith, who held without dispute legal title in and to the subject property.
“This court therefore concludes that Rosetta Small Meadows is not entitled to any reimbursement whether by set-off or claim over against Smith for the value of any improvements made by her to the subject property.
“On the other hand, Smith is entitled to damages resulting from the illegal entry into the property by Meadows and by her subsequently retaining the rents for her own use and benefit.”
We have reviewed the evidence and find that the record supports the trial court’s granting of summary judgment. The evidence submitted by Smith is admissible and is sufficient to show as a matter of law that she, and not Meadows, is the legal owner of the property. Further, the trial court’s disallowance of relief to Meadows for any improvements to the land, as well as the damages awarded to Smith, is also supported by the evidence.
As noted above, the learned and distinguished trial judge has favored this court with an excellent final order. It is comprehensive and well-written, and after a review of the order and the record on appeal, as well as a review of the briefs of the *908 parties, we hold that the trial court’s granting of the summary judgment was proper.
This case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.