HORNSBY, Chief Justice.
On July 10, 1990, Evangelene A. Smith brought an ejectment action against Rosetta S. Meadows. Smith alleged that she was the owner of certain real property in Birmingham, Alabama, and that Meadows had entered the property, had rented the property to another, and was planning to erect a fence around the property. The complaint sought injunctive relief to prevent any alterations to the property and to prevent interference with Smith’s possession of the property, and sought mesne profits. Meadows averred in her answer that if it was determined that she had no interest in the property, then she had been in adverse possession of the property for more than three years and that during that time she had permanently improved the property. Thus, Meadows claimed the rights and benefits of Ala.Code 1975, § 6-6-286. Section 6-6-286 provides:
“(a) When an action is commenced to recover land or the possession thereof, the defendant may, at any time before the trial, suggest upon the record that he, and those whose possession he has, have, for three years next before the commencement of the action, had adverse possession thereof, which must be construed to mean the same character of possession as will put in operation the statute of limitations. In such case, if the jury finds for the plaintiff, it must also ascertain by its verdict whether such suggestion is true or false. If the jury finds it to be false, it must return a verdict for the damages as in ordinary cases. If the jury finds it to be true, it must assess the value, at the time of trial, of the permanent improvements made by the defendant, or those whose estate he has, and also ascertain by its verdict the value of the lands and of the use and occupation thereof, not including the increased value by reason of such improvements.
“(b) If the value of the use and occupation as assessed exceeds the value of the permanent improvements made, judgment must be entered against the defendant for the excess. If the value of the improvements exceeds the value of the use and occupation, no writ of possession shall issue for one year after the entry of the judgment unless the plaintiff or his legal representative pays the defendant, or deposits with the clerk for him, the excess of the assessed value of the improvements over the value of the use and occupation. If the plaintiff or his legal representative neglects for the term of one year to pay such excess, and the defendant or his legal representative within three months after the expiration of the year pays to the plaintiff, or to the clerk for him, the value of the land and of the use and occupation thereof as assessed by the jury, the plaintiff is forever barred from his writ of possession and from commencing any action whatever against the defendant, his heirs or assigns to recover such land or the possession thereof.”
Alternatively, and irrespective of the statute, Meadows asserted that she had made the improvements in good faith and was, therefore, entitled to set off the value of such improvements against Smith’s claim for monetary damages.
There appears to be no dispute that Smith is the rightful owner of the property at issue. Meadows simply claims that she had a good faith belief that she had an ownership interest in the property of such a character that justified her expending money to improve the house. Meadows’s belief arises from the fact that her father owned the property and she resided on the property during her childhood. Following her father’s death, Meadows’s stepmother *910 resided on the property until her death. Thereafter, Meadows says, the property was occupied by persons Meadows believed to be heirs of her stepmother. Meadows asserts that she has no memory of a sale for division or of having received payment for her interest in the property.
However, Smith presented evidence that clearly proves that she holds the title to the property. Smith’s claim to the property derives from the will of her aunt, who died in November 1985. Smith’s aunt had received title to the property through the will of her husband, Smith’s uncle, who had purchased the house in 1959 from two persons who had purchased it at a public sale. A register’s deed had conveyed the interest of Meadows and other heirs of Will Small, Meadows’s father.
During 1985 or 1986, Meadows became aware that the house on the property was unoccupied. She observed the house in its dilapidated condition and was told by a neighbor that it had been condemned. She saw a sign posted on the house confirming the condemnation. Meadows then went to the Birmingham City Hall and inquired about the property. She was told that the house would be torn down if it was not repaired. She says that because she believed that she had an interest in the property as an heir of her father, she consulted a lawyer with regard to whether her interest permitted her to repair the house. The lawyer advised her that her interest authorized her to repair the house. Meadows then employed a contractor to repair the house for $10,000. After the contractor completed the work in June 1987, Meadows rented the house to Rosie Mae Williams for $249.00 per month. After the tenant died, Meadows’s daughter lived in the house. Meadows claimed that no one questioned her control of the property from the time it was repaired until Smith brought suit in July 1990.
The trial court held that Meadows was not entitled to any reimbursement for the value of the permanent improvements made by her. The court found that Meadows did not possess color of title and held, therefore, that she was not entitled to the benefits of § 6-6-286. The court further found that Meadows could not have had a bona fide belief that she was the owner of the property and therefore was not entitled to set off the value of the permanent improvements against the rent received by her. Therefore, the trial court entered a summary judgment in favor of Smith, ordered Meadows to vacate the property, ordered a writ of possession in favor of Smith, and entered a judgment against Meadows for $8,964.00.
The Court of Civil Appeals affirmed the trial court’s judgment. 598 So.2d 906. In her petition for certiorari review, Meadows claimed that the Court of Civil Appeals erred in affirming the summary judgment because, she argues, color of title is not required in order for her to get relief under § 6-6-286, and, alternatively, she claims she had a common law right to set off the value of improvements against the rent received. Meadows further claimed that the Court of Civil Appeals erred in affirming the trial court’s assessment of damages, which was based on a consideration of the enhanced value of the property.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for entering summary judgment. The rule requires the trial court, in order to enter a summary judgment, to determine (1) that there is no genuine issue of material fact, and (2) that the moving party is entitled to a judgment as a matter of law. The burdens placed on the moving party by this rule have often been discussed by this Court:
“ ‘The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala.1977); Shades Ridge Holding Co. v. Cobbs, Allen & Hall Mortg. Co., 390 So.2d 601 (Ala.1980); Fulton v. Advertiser Co., 388 So.2d 533 (Ala.1980).’ ”
*911 Berner v. Caldwell, 543 So.2d 686, 688 (Ala.1989) (quoting Schoen v. Gulledge, 481 So.2d 1094, 1096-97 (Ala.1985)).
The standard of review applicable to a summary judgment is the same as the standard for granting the motion, that is, we must determine whether there was a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and resolve all reasonable doubts against the movant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986); Harrell v. Reynolds Metals Co., 495 So.2d 1381 (Ala.1986). See also Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
Because this action was not pending on June 11, 1987, Ala.Code 1975, § 12-21-12, mandates that the nonmovant, Meadows, meet her burden by “substantial evidence.” Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Under the substantial evidence test the nonmovant must present “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). More simply stated, “[a]n issue is genuine if reasonable persons could disagree.” Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 481 (1982).
We note initially that Meadows raises no issue in her petition or brief to this Court regarding the propriety of the trial court’s order ejecting her from this property. Accordingly, we will not address this issue. Meadows limits her arguments to this Court to the issue of damages.
I. Statutory Suggestion of Adverse Possession
We agree with the Court of Civil Appeals that the trial court correctly determined that Meadows is not entitled to the benefits of Ala.Code 1975, § 6-6-286. In its order, the trial court stated:
“This Court therefore concludes from the evidence, which cannot be disputed, that Rosetta Small Meadows had no interest, legal or equitable, in the subject property at the time when she made the decision to enter into possession of the property. She did not have color of title. Therefore, her entry was a trespass against the right and title of Smith, who held without dispute legal title in and to the subject property.”
In Hill v. Cape Coral Bank, 402 So.2d 945 (Ala. 1981), this Court, in explaining the operation of § 6-6-286, stated:
“A suggestion offered by a defendant under that section constitutes a defense in the nature of a counterclaim for the value of permanent improvements, and carries with it the burden to prove every fact necessary to support that claim. The defendants’ burden is to prove three years of adverse possession of the same character that would put into operation the statute of limitations prior to the commencement of the action for ejectment. To meet the burden the defendants must prove their possession was actual, hostile, open, notorious, exclusive and continuous for the three year period. Such possession must be in good faith and under color of title. The absence of evidence that defendants had a deed to the property, subject of this suit, and the absence of evidence that they paid ad valorem taxes on the property, for which plaintiff sued to recover possession, is sufficient to substantiate a jury’s finding that defendants did not hold the property under color of title.”
Id. at 947 (citations omitted) (emphasis added). Thus, we must agree with the trial court that color of title is a prerequisite to recovery under this section. It is undisputed that Meadows does not possess a deed to the property and has never paid ad valo-rem taxes on the property. The trial court’s summary judgment, therefore, was proper insofar as it denied Meadows’s claim for the benefits of § 6-6-286.
II. Right to Set Off Value of Improvements
Alternatively, Meadows claims that, without regard to § 6-6-286, under equitable principles, she is entitled to set off the value of the permanent improvements *912 made by her against the claim for damages for detention of the property.[1] In Gresham v. Ware, 79 Ala. 192 (1885), this Court stated:
“A bona fide occupant under claim of title, who makes valuable and permanent improvements, is entitled to compensation, certainly by way of set-off against the mesne profits. A bona fide occupant has been defined to be ‘one who not only honestly supposes himself to be vested with the true title, but is ignorant that the title is contested by any other person claiming a superior right to it.’ ”
Id. at 199. See also Manning v. Wingo, 577 So.2d 865, 869 (Ala.1991). We agree with the trial court’s conclusion, “from the undisputed evidence^] that Rosetta Small Meadows could not maintain a bona fide belief that she was the owner of the property.” , Consequently, the summary judgment was also proper insofar as it denied Meadows a set-off of the value of her improvements against Smith’s claim for damages.
III. Computation of Rental Value
Finally, Meadows contends that the Court of Civil Appeals erred in affirming the trial court’s consideration of the enhanced value of the property in assessing damages. The trial court awarded Smith $8,964.00 in damages for Meadows’s detention of the property. This figure was computed by multiplying the number of months Meadows was in possession of the property (36) by the rental rate ($249.00) during the period she rented the property after having made the permanent improvements. Meadows contends that in awarding damages for the detention of property in an ejectment action, the court may not consider the enhancement in the value of the property that is due to improvements placed on the property by the defendant.
In McCarver v. Doe, 135 Ala. 542, 33 So. 486 (1903), this Court held that “rents must be computed upon the basis of the condition of the lands when the defendant took possession of them, and not upon the value of the lands as enhanced by the improvements.” 135 Ala. at 545, 33 So. at 487 (citing Southern Cotton Oil Co. v. Henshaw, 89 Ala. 448, 7 So. 760 (1890)). We adhere to this principle, and we hold that the trial court erred in using the rental value subsequent to Meadows’s permanent improvements to compute Smith’s damages. The rental value became $249.00 only after Meadows made the permanent improvements. Although we recognize that the house was condemned by the City of Birmingham, and, therefore, presumably had a negligible rental value, the proper rental value to use in computing Smith’s damages was the rental value at the time Meadows took possession of the property. Therefore, the trial court erred in its assessment of damages.
The judgment of the Court of Civil Appeals is affirmed except to the extent that it affirmed the assessment of damages. To that extent, the judgment is reversed, and the cause is remanded for the Court of Civil Appeals to order an assessment of damages in accordance with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MADDOX, ALMON, SHORES, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.

. This Court has long recognized the equitable right, irrespective of the statutory suggestion of three years' adverse possession, of defendants in ejectment actions to set off the value of permanent improvements made by them against the rents or damages claimed by plaintiffs. See Headley v. McCall, 205 Ala. 108, 87 So. 355 (1920); Kerr v. Nicholas, 88 Ala. 346, 6 So. 698 (1889).